**TEXAS DEPARTMENT OF HEALTH, et al., Appellants,**

v.

**GULF NUCLEAR, INC., Appellee.**

No. 13984.

Court of Appeals of Texas, Austin.

Feb. 1, 1984.

Jim Mattox, Atty. Gen., Brian E. Berwick, Asst. Atty. Gen., Austin, for appellants.

Carol Vance, Richard A. Gumpert, Bracewell & Patterson, Houston, for appellee.

Before PHILLIPS, C.J., and EARL W. SMITH and GAMMAGE, JJ.

PHILLIPS, Chief Justice.

On February 8, 1983, appellee Gulf Nuclear had a spill of Americium-241 at its Webster, Texas plant. Appellant Texas Department of Health, acting as the State Radiation Control Agency,[1] investigated the cause and effect of the spill and eventually determined that an emergency existed which required immediate action to protect the public. In response to the perceived emergency, the Department issued three *ex parte* orders, applicable to the Webster plant: (1) an order dated March 4, 1983 which directed Gulf Nuclear to arrange for two employees to be medically examined, directed Gulf Nuclear to impound in place its Americium-241, and directed Gulf Nuclear to submit a report to the Department; (2) an order dated March 18, 1983 which suspended Gulf Nuclear's Radioactive Material License; and (3) an order dated March 28, 1983 which required Gulf Nuclear to impound in place all radioactive materials in its possession, and to cease and desist from handling such materials.

After receipt of the second order, Gulf Nuclear applied for an injunction in District Court; it requested relief from the portion of the second order which suspended its license. Gulf Nuclear alleged that the order was *ultra vires* and ineffective as a matter of law, since Gulf Nuclear had not been afforded the license-suspension hearing mandated by Tex.Rev.Civ.Stat.Ann. art. 6252–13a (Supp.1982) (Administrative Procedure and Texas Register Act). Section 18(c) of the A.P.A. provides as follows:

> No revocation, suspension, annulment, or withdrawal of any license is effective unless, prior to the institution of agency proceedings, the agency gave notice by personal service or by registered or certified mail to the licensee of facts or conduct alleged to warrant the intended action, and the licensee was given an opportunity to show compliance with all requirements of law for the retention of the license.

A day before the temporary injunction hearing the Department issued the third order, which omitted all reference to license suspension. Gulf Nuclear then amended its application for injunction, and therein asserted that the third order suffered from the same defect as did the second. Gulf Nuclear reasoned that, although the third order did not purport to suspend Gulf Nuclear's license, the third order had the same effect as license suspension.

On March 29, 1983 the trial court temporarily enjoined the Department from enforcing that portion of the second order which suspended Gulf Nuclear's license; temporarily enjoined the Department from enforcing any part of the third order; and temporarily enjoined the Department from taking any action that would have "the same substantial effect as an order suspending, revoking, annuling or withdrawing" Gulf Nuclear's license without first providing an A.P.A. license-suspension hearing. By seven points of error the Department submits that it was not required to provide Gulf Nuclear with a hearing

---

1. The Texas Department of Health has been designated to act as the Texas Radiation Control Agency. Tex.Rev.Civ.Stat.Ann. art. 4590f, § 4(a) (Supp.1982).

prior to issuance of the second and third orders and that, as a result, the trial court improperly issued the temporary injunction.

We reform the judgment of the trial court and, as reformed, affirm it.

The Department does not dispute that it is generally subject to the mandate of the A.P.A. It does contend, however, that it correctly rendered the challenged orders, without prior notice and hearing, under authority of Tex.Rev.Civ.Stat.Ann. art. 4590f (Supp.1982) (Radioactive Materials Act). The R.M.A. created the Texas Radiation Control Agency and gave it authority to regulate sources of radiation. Section 11 of the R.M.A. provides, in relevant part, as follows:

> (b) The Agency shall afford an opportunity for a hearing in accordance with the Agency's formal hearing procedures and the Administrative Procedure and Texas Register Act, as amended (Article 6252–13a, Vernons Texas Civil Statutes), on written request of any person affected by the following procedures:

> (1) the grant, denial, suspension, revocation, or amendment of any license or registration;

> \* \* \* \* \* \*

> (c) Whenever the Agency finds that an emergency exists requiring immediate action to protect the public health and safety and the environment, *the Agency may, without notice or hearing, issue an order* reciting the existence of such emergency and requiring that such action be taken as it shall direct to meet the emergency. Notwithstanding any other provision of this Act, such order shall be effective immediately. Any person to whom such order is directed shall comply therewith immediately. On written application to the Agency within thirty (30) days of the date of the emergency order, the person to whom the order was directed shall be afforded an opportunity for a hearing. The hearing shall be held within not less than ten (10) days nor more than twenty (20) days after the Agency receives the

written application. On the basis of such hearing, the emergency order shall be continued, modified, or revoked by the Agency.

> \* \* \* \* \* \*

> (d) A person who has exhausted all administrative remedies available within the Agency and who is affected by a final decision of the Agency is entitled to judicial review under the Administrative Procedure and Texas Register Act, as amended (Article 6252–13a, Vernon's Texas Civil Statutes).

(Emphasis added)

In its first point of error the Department maintains that the District Court erred in not granting the Department's motion to dismiss and plea in abatement, based upon Gulf Nuclear's failure to exhaust administrative remedies. The Department argues that since the challenged orders were rendered under authority of Section 11(c) of the R.M.A.,[2] which provides for a post-order hearing before the Department, that Gulf Nuclear's failure to seek such a hearing is a bar to judicial review of the challenged orders.

As a general rule, one is not entitled to judicial review of an administrative order until the legislatively prescribed administrative remedies have been exhausted. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(a) (Supp.1982); *City of Sherman v. Public Utility Com'n,* 643 S.W.2d 681 (Tex. 1983). Gulf Nuclear invokes an exception to this principle, contending that the exhaustion doctrine does not apply to unauthorized acts of agency officials, or, in other words, does not apply to situations where an agency is exercising authority beyond its statutorily conferred powers. *City of Sherman v. Public Utility Com'n, supra.* Gulf Nuclear contends that because of the mandate of Section 18(c) of the A.P.A., *ex parte* license suspension, or any action which in effect constitutes *ex parte* license suspension, is outside the scope of

---

**2.** Both orders recite that the Department has determined that an emergency exists and that

immediate action is required to protect the public health and safety.

emergency powers conferred upon the Department by Section 11(c) of the R.M.A. At oral argument, Gulf Nuclear conceded that if it errs in this analysis, then it has failed to exhaust its administrative remedies.

The Department responds that license suspension is within the range of emergency powers conferred by Section 11(c) of the R.M.A., and that such section constitutes a specific exception to the general hearing and notice requirements of Section 18(c) of the A.P.A. It further contends that the third order does not have the effect of a license suspension, and therefore is valid regardless of the construction put upon Section 11(c) of the R.M.A..

■ We overrule the Department's first point of error to the extent that it complains of the trial court's injunction of the second order. We hold that license suspension is not within the scope of emergency powers contemplated by Section 11(c) of the R.M.A.

■ Section 18(c) of the A.P.A. expressly requires that an agency give notice and provide an opportunity for hearing *prior to* suspension of a license. The Legislature has declared that the purpose of the A.P.A. is "to afford minimum standards of uniform practice and procedure for state agencies." A.P.A., § 1 (Supp.1982). We hold that any statute relied upon to justify an agency's deviation from the A.P.A. must clearly negate applicability of the A.P.A.

Section 11(b) of the R.M.A. makes explicit reference to the A.P.A. Section 11(c) of the R.M.A. provides that the Department may issue an *ex parte* order requiring that *action be taken* to meet an emergency. The authority to require that action be taken implies that the agency may exert control over the actions of others. It does not imply that the agency may unilaterally make an internal regulatory change, such as suspension of a license.

The Department has advanced no reason as to why a nuclear-related emergency must be remedied by a license suspension order, as opposed to an order directed at the specific actions to be taken or prevented. License suspension is not within the scope of emergency powers conferred upon the agency by Section 11(c) of the R.M.A. The Department's action in suspending Gulf Nuclear's license was *ultra vires* and therefore subject to review.

■ We sustain the Department's first point of error to the extent that it complains of the trial court's injunction of the third order. The R.M.A. expressly provides that the Department has "the authority in the event of any emergency to . . . order the impounding of sources of radiation, in the possession of any person who . . . fails to observe the provisions of [the R.M.A.] or any rules issued thereunder." R.M.A., § 14 (Supp.1982). We hold that an "order to impound" is within the scope of emergency power referred to in Section 11(c) of the R.M.A. Additionally, we hold that the agency was authorized under Section 11(c) of the R.M.A. to order that Gulf Nuclear cease and desist from handling radioactive materials.

To the extent that the trial court found that the third order has the same substantial effect as an order suspending Gulf Nuclear's license, we hold such finding to be irrelevant. We additionally observe that the trial court erred in arriving at the foregoing finding, since Gulf Nuclear, in the third order, is referred to as "the licensee," and since Gulf Nuclear, by the terms of the third order, is authorized to accept shipment of radioactive materials which are en route to its facility on the date of the order.

The third order contains a finding that an emergency exists requiring immediate action to protect the public health and safety and the environment, as well as a finding that Gulf Nuclear had failed to comply with the R.M.A. and agency rules issued thereunder. Since the third order was properly issued under authority of Sections 14 & 11(c) of the R.M.A., we hold that the trial court erred in overruling the Department's motion to dismiss and plea in abatement; Gulf Nuclear failed to exhaust administrative remedies.

We sustain the Department's sixth point of error which provides that the district court erred in enjoining the Department from taking future emergency action against Gulf Nuclear. The trial court erred in enjoining the Department from issuing any *ex parte* order that has the "same substantial effect" as suspending, revoking, annuling or withdrawing Gulf Nuclear's license. We hold that the effect any emergency order has upon a licensee is irrelevant, so long as the agency is exercising its authority under Section 11(c) of the R.M.A.

We have carefully reviewed the Department's remaining points of error. We do not reach them to the extent that they relate to the third order; to the extent that they relate to the second order, we overrule them based upon our holdings above.

Having sustained, in part, appellant's points of error, we reform the trial court's judgment to reflect a denial of injunctive relief as regards the administrative order of March 28, 1983, and to reflect a denial of injunctive relief as regards future administrative orders. As reformed, the judgment is affirmed.