

# Office of the Attorney General
## State of Texas

DAN MORALES
ATTORNEY GENERAL

December 11, 1991

Ms. Brenda H. Collier
Chair
Texas Board of Private Investigators
and Private Security Agencies
P.O. Box 13509, Capitol Station
Austin, Texas 78711

Opinion No. DM-68

Re: Whether article 4413(29bb), V.T.C.S., authorizes the Texas Board of Private Investigators and Private Security Agencies to bring disciplinary proceedings against a licensee, registrant, or commissioned security officer indicted for or charged with but not convicted of the commission of a felony (RQ-96)

Dear Ms. Collier:

The Texas Board of Private Investigators and Private Security Agencies (the "board") is authorized by The Private Investigators and Private Security Agencies Act (the "act") to regulate certain private investigative activities and various aspects of the private security industry. See V.T.C.S. art. 4413(29bb).[1] You ask whether the board is authorized under section 11B of the act to bring a disciplinary proceeding against a licensee, registrant, or commissioned security officer who has not been convicted of committing a felony, but who has been either indicted for commission of a felony involving a non-violent crime or charged with commission of a felony involving a violent crime.

We conclude that the board may not, on the basis of an indictment or the filing of felony charges alone, take such action. The board may only take

---

[1]The act authorizes the board to issue licenses, registrations, and security officer commissions. See, e.g., V.T.C.S. art. 4413(29bb), §§ 13 - 15, 19 - 20, 32 - 33. A "license" authorizes an individual or entity to perform services as an investigation company or security services contractor. Id. § 2(15), (17). A "registration" is a permit issued to an individual authorizing the performance of various investigative and security services. Id. § 2(21), (22). A "security officer commission" authorizes a security officer to carry a firearm during the performance of his duties as a security officer. Id. § 2(13). Security officers who are registered but not commissioned may not carry firearms during the performance of their duties.

disciplinary action  pursuant to a hearing in which proof is offered that a particular individual's conduct  violates standards the board establishes by rule.

Subsection (a) of section 11B of the act authorizes the board to discipline licensees, registrants, and commissioned security officers.  Subsection (a) provides in part:

> (a) The board shall revoke or suspend any registration, license, or security officer commission, reprimand any registrant, licensee, or commissioned security officer, or deny an application for a registration, license, or security officer commission, or renewal, thereof, or may place on probation a person whose registration, license, or security officer commission has been suspended, on proof:
>
> (1) that the applicant, licensee, commissioned security officer, or registrant has violated any provisions of this Act or of the rules and regulations promulgated under this Act;
>
> (2) that the applicant, licensee, commissioned security officer, or registrant has committed any act resulting in conviction of a felony;
>
> (3) that the applicant, licensee, commissioned security officer, or registrant has committed an act after the date of application for a registration, license, or security officer commission that results in a conviction of a misdemeanor involving moral turpitude.

V.T.C.S. art. 4413(29bb), § 11B(a); *see also id.* § 11B(e) (in instances board authorized to suspend a license, it may impose civil penalty in lieu of suspension). The board is thus required to bring disciplinary proceedings against an applicant, licensee, registrant, or commissioned security officer  who violates any provision of the act or of the board's rules.[2] V.T.C.S. art. 4413(29bb), § 11B(a)(1).

---

[2]Section 11B was added to the act in 1975.  Acts 1975, 64th Leg., ch. 494, § 1, at 1318. Subsection (a) of that section initially permitted but did not require the board to bring disciplinary proceedings.  *See also* Attorney General Opinion M-884 (1971) (construing predecessor section,

If the board initiates a disciplinary proceeding against a person pursuant to subsection (a) of section 11B, that person is entitled to a hearing before the board governed by the Administrative Procedure and Texas Register Act. *Id.* § 11B(b), (c). In accordance with that act, no license may be suspended, revoked, or annulled unless its holder has been provided notice and a hearing prior to suspension, revocation, or annulment. V.T.C.S. art. 6252-13a, § 18(c); *see also Texas Dep't of Health v. Gulf Nuclear, Inc.*, 664 S.W.2d 847 (Tex. Civ. App.--Austin 1984, no writ) (APTRA mandates provision of hearing before license suspension).

We turn now to the rules at issue here. The board has adopted by rule a "Code of Professional Responsibility and Conduct." 22 T.A.C. §§ 423,1 - 423.3. Section 423.1 establishes certain standards of conduct for "licensees" that apply to a registrant or a commissioned security officer as well as to a licensee. *See id.* § 423.12 (defining "[l]icense" for purposes of rules). Section 423.1 provides in part:

> (f) No licensee, owner, officer, partner, shareholder, or employee shall be involved in the following:
>
> . . . .
>
> (2) indictment on a felony involving a non-violent crime;
>
> (3) filing of criminal charges on a felony involving a violent crime.

Under Texas administrative law, agency rules are valid only if expressly or impliedly authorized by statute. *State v. Jackson*, 376 S.W.2d 341 (Tex. 1964); *Bexar County Bail Bond Bd. v. Deckard*, 604 S.W.2d 214 (Tex. Civ. App.--San Antonio 1980, no writ); Attorney General Opinion JM-1017 (1989). Thus, a valid rule must not impose "additional burdens, conditions, or restrictions beyond or inconsistent with the statutory provisions." *Hollywood Calling v. Public Util. Comm'n of Texas*, 805 S.W.2d 618, 620 (Tex. App.--Austin 1991, no writ) (additional restriction invalid since not part of statute's specific restrictions on user); *see also Bloom v. Texas State*

---

section 18 of act, and holding board had discretionary authority to issue license to convicted felon). The legislature made subsection (a) mandatory in 1981. Acts 1981, 67th Leg., ch. 773, § 9, at 2900.

*Bd. of Examiners of Psychologists*, 492 S.W.2d 460 (Tex. 1973) (board certification requirement in addition to those in statute void).

No provision of the act expressly grants the board the power to adopt subsections (f)(2) and (f)(3) of section 423.1. Nor does any provision provide the board the implied power to adopt those subsections. Section 11(a) of the act currently provides that the board shall have the power and duty:

> (1) to determine the qualifications of licensees, registrants, and commissioned security officers as provided in this Act;

> (2) to investigate alleged violations of the provisions of this Act and of any rules and regulations adopted by the board;

> (3) to promulgate all rules and regulations necessary in carrying out the provisions of this Act; and

> (4) to establish and enforce standards governing the safety and conduct of persons licensed, registered, and commissioned under the provisions of this Act.

The rules at issue here are inconsistent with these provisions. In accordance with subsections (a)(3) and (a)(4) of section 11, the board may adopt rules identifying and prohibiting specific conduct. Upon proof of an individual's violation of such rules after notice and hearing, the board would be authorized pursuant to section 11B to discipline that individual by revoking or suspending his license, registration, or commission. An administrative hearing on a violation of such rules would necessarily involve proof of commission of the prohibited conduct. In contrast, subsections (f)(2) and (f)(3) by their express terms authorize the board to discipline an individual merely on the filing of an indictment or criminal charges, and thus, without proof of commission of the conduct underlying the indictment or charges. Since the board may not impose restrictions that are inconsistent with its statutory powers, subsections (f)(2) and (f)(3) are invalid.

In summary, the board possesses neither the express nor the implied power to adopt subsections (f)(2) and (f)(3) of section 423.1 of title 22 of the Texas Administrative Code. Consequently, the board may not pursuant to V.T.C.S. article 4413(29bb), section 11B reprimand a licensee, registrant, or commissioned security officer, or revoke or suspend a license, registration, or security officer commission of

a person who has been indicted for or charged with but not convicted of a felony. Although we conclude the rules at issue here are invalid, the legislature in section 11(a)(4) has expressly given the board the authority to establish and enforce standards governing the conduct of a licensee, registrant, or commissioned security officer, and in accordance with that authority the board may adopt rules prohibiting a licensee, registrant, or commissioned security officer from engaging in specific conduct, including specific criminal conduct. If the board adopts such a rule, the board could then discipline any person violating the rule by suspending or revoking his license, registration, or commission as provided by section 11B of the act.

## SUMMARY

Under article 4413(29bb), V.T.C.S., the Texas Board of Private Investigators and Private Security Agencies possesses neither the express nor the implied power to adopt title 22, section 423.1(f)(2) and (f)(3), of the Texas Administrative Code. Thus, the board may not pursuant to V.T.C.S. article 4413(29bb), section 11B reprimand a licensee, registrant, or commissioned security officer, or revoke or suspend a license, registration, or security officer commission of a person who has been indicted for or charged with but not convicted of a felony. The board, however, is authorized by section 11(a)(3) and 11(a)(4) of the act to adopt rules prohibiting specific criminal conduct, and on proof of a person's violation of such rules after

notice and hearing, revoke or suspend that person's license, registration, or commission as provided by section 11B of the act.

Very truly yours,

DAN   MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Celeste Baker
Assistant Attorney General