**TEXAS FIRE AND CASUALTY COMPANY, et al., Appellants,**

v.

**HARRIS COUNTY BAIL BOND BOARD, Appellee.**

**No. B14–84–265CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 13, 1984.

Michael A. Maneess, Houston, for appellants.

Billy E. Lee, Asst. Co. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

Texas Fire and Casualty Company brings this appeal requesting that we determine a local rule of the Harris County Bail Bond Board to be invalid. In five points of error, appellants contend the trial court erred in refusing to invalidate appellee's rule which required a $100,000.00 security deposit in order for a bail bondsman to become licensed in Harris County. We agree, and accordingly reverse and render judgment.

The relevant facts are briefly stated. Appellants, a corporation certified to do business by the State Board of Insurance and two of its agents, applied for licenses as bail bondsmen. The applications were denied by appellee because appellants did not place an irrevocable letter of credit in the amount of $100,000.00 on deposit with the county sheriff as required by the Harris County Bail Bond Board Local Rules. Contending that this requirement conflicted with the statutory enactment licensing and regulating bail bondsmen, appellants appealed the denial of their license applications. *See* TEX.REV.CIV.STAT.ANN. art. 2372p–3 (Vernon Supp.1984). Pursuant to section 11 of that act, the merits of issue were tried in district court. The trial court upheld the local rule, thereby denying appellants' claims for relief. Appellants now re-urge these claims on appeal.

Section 5 of the statute regulating bail bondsmen contains a provision granting local bail bond boards rule-making powers. TEX.REV.CIV.STAT.ANN. art. 2372p–3 § 5(f)(1) (Vernon Supp.1984). These powers, however, are not without precedentially imposed limitations. Administrative agencies, such as the Harris County Bail Bond Board, can adopt only such rules as are authorized by and consistent with their statutory authority. *State Board of Insurance v. Deffebach*, 631 S.W.2d 794, 798 (Tex.App.—Austin 1982, writ ref'd n.r.e.). Similarly, such agencies cannot adopt rules and regulations which impose additional burdens, conditions or restrictions in excess of or inconsistent with statutory provisions. *Bexar County Bail Bond Board v. Deckard*, 604 S.W.2d 214, 216 (Tex.Civ.App.—San Antonio 1980, no writ). Our task, then, is to determine whether this local rule conflicts with or

exceeds the statutory authority of article 2372p–3.

 Section 6 of article 2372p–3 directs that certain items must be included with the license application. Specifically, the applicant must furnish a statement indicating the amount which the *applicant* intends to place on deposit to secure his bonding obligations. TEX.REV.CIV.STAT.ANN. art. 2372p–3 § 6(a)(5). The importance of this amount is revealed in subsection (f) of this same section. Here, the statute provides that upon notification that the application has been tentatively approved, the applicant must deposit the amount indicated on the application; however, this amount cannot be less than $5,000.00. If the applicant is a corporation, subsection (f) requires an irrevocable letter of credit as a cash equivalent to satisfy any final judgment of forfeiture of any of its bonds.

These summaries of article 2372p–3 demonstrate the fatal inconsistencies between it and the local rules requiring the $100,-000.00 security deposit. First, the statute itself contains a $5,000.00 minimum. The flat $100,000.00 requirement itself is a minimum in direct conflict with the statutory authority. Secondly, section 6 clearly indicates that, with the exception of the $5,000.00 minimum, the *applicant* is to determine the amount of the deposit. The local rule takes this responsibility from the applicant and assumes it itself. The local rules thus impermissibly impose additional and conflicting burdens on bail bond applicants and consequently must fail.

This conclusion is further fortified by reference to the specific rules governing the corporation as a surety. TEX.REV. CIV.STAT.ANN. art. 2372p–3 § 7 (Vernon Supp.1984). Subsection (b) specifically states a certificate of authority to do business issued by the State Board of Insurance shall be conclusive evidence as to the sufficiency of the surety. Appellees' local rule creating a precise monetary standard of security directly contravenes this provision.

We accordingly reverse the judgment of the trial court. We further render judg-

ment that the Harris County Bail Bond Rules requiring a $100,000.00 security deposit are void.