

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 2, 1994

David R. Smith, M.D.
Commissioner of Health
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-3199

Opinion No. DM-292

Re: Whether the Texas Board of Health is authorized under the Medical Radiologic Technologist Certification Act, article 4512m, V.T.C.S., to promulgate rules discontinuing general certification of medical radiologic technologists, and implementing a system of specialty certification in diagnostic radiography, nuclear medicine, and radiation therapy (RQ-611)

Dear Dr. Smith:

You ask whether the Texas Board of Health (the "board") is authorized under the Medical Radiologic Technologist Certification Act, V.T.C.S. article 4512m (the "act"), to promulgate rules discontinuing general certification of medical radiologic technologists, and implementing a system of specialty certification for three disciplines. The act governs the certification of medical radiologic technologists. For example, it provides that a person must hold a certificate to perform a radiologic procedure, with certain exceptions. V.T.C.S art. 4512m, § 2.07. It also requires the board to adopt rules establishing minimum standards for issuing certificates. *Id.* § 2.05(a)(1). In addition, it creates the Medical Radiologic Technologist Advisory Board (the "advisory board") "as an advisory board to the Texas Board of Health." *Id.* § 2.04(a).[1]

By way of background, you explain that at the present time the Texas Department of Health (the "department") issues two types of certificates: (1) a general certificate which allows the certificate holder to perform any and all radiologic procedures, and (2) a limited certificate which allows the certificate holder to perform radiologic procedures that

---

[1]The act provides that the advisory board "shall recommend for the consideration of the Texas Board of Health rules to implement standards adopted under this Act...." V.T.C.S. art. 4512m, § 2.04(d). The act also requires the advisory board to recommend examinations. *Id.* § 2.04(e).

are limited to specific parts of the human body.[2]  The advisory board, however, has recommended that the board issue rules implementing a new licensing scheme.  You give us to understand that the medical radiologic technology field is comprised of three disciplines:  diagnostic radiography, nuclear medicine, and radiation therapy.  You state that the advisory board

> wishes to recommend rules to the [board] to establish a separate general certificate for each of the three disciplines or a single general certificate with three separate specialty designations. . . .  An individual would not be able to perform radiologic procedures in any discipline unless he or she held a general certification that covered that specific discipline.

It is your position that the board is not authorized to adopt such rules.

Generally, an administrative agency can adopt only those rules that are authorized by and consistent with its statutory authority.  *Texas Fire & Cas. Co. v. Harris County Bail Bond Bd.*, 684 S.W.2d 177, 178 (Tex. App.-- Houston [14th Dist.] 1984, writ ref'd n.r.e.).  An administrative agency may not adopt rules which impose additional burdens, conditions, or restrictions in excess of or inconsistent with those statutory provisions.  *Id.*; *Hollywood Calling v. Public Util. Comm'n of Texas*, 805 S.W.2d 618, 620 (Tex. App.--Austin 1991, no writ).  The determinative factor as to whether an administrative agency has exceeded its authority is whether the rule is in harmony with the general objectives of the statute.  *Hollywood Calling*, 805 S.W.2d at 620 (citing *Gerst v. Oak Cliff Sav. & Loan Ass'n*, 432 S.W.2d 702, 706 (Tex. 1968)).  In making this determination, one must look not only to the particular provision of the act but to all applicable provisions.  *Id.*

Section 2.03 of the act in part sets forth the following definitions that are relevant to your query:

> (5) "Radiologic procedure" means any procedure or article intended for use in the diagnosis of disease or other medical or dental conditions in humans (including diagnostic X-rays or nuclear medicine procedures) or the cure, mitigation, treatment, or

---

[2]The board's current rules regarding the certification of medical radiologic technologists are set forth at title 25 of the Texas Administrative Code, chapter 143.  The board currently issues limited certificates in seven categories:  the skull, chest, spine, extremities, dental, podiatric, and chiropractic.  *See* 25 T.A.C. § 143.2.

prevention of disease in humans that achieves its intended purposes through the emission of radiation.

. . . .

(8) "Certification" means an authorization to administer radiation to a person for medical purposes.

(9) "General certification" means an authorization to perform radiologic procedures authorized by this Act.

(10) "Limited certification" means an authorization to perform radiologic procedures that are limited to specific parts of the human body.

(11) "Temporary certification, general or limited," means an authorization to perform radiologic procedures for a limited period, not to exceed one year.

V.T.C.S. art. 4512m, § 2.03(5), (8) - (11).

Section 2.05 of the act sets forth the board's rulemaking authority. It generally authorizes the board to adopt rules necessary to implement the act, V.T.C.S. art. 4512m, § 2.05(e), and specifically provides in pertinent part that

[t]he Texas Board of Health shall establish different classes of certificates to include all radiologic procedures used in the course and scope of the practice of practitioners licensed in this state. The Texas Board of Health may issue general and limited certificates and general and limited temporary certificates.

*Id.* § 2.05(b).

You suggest that the board is not authorized to adopt rules to implement specialty certificates in lieu of general certificates because the legislature has not expressly provided that it may do so. You contend that "the legislature has generally expressly stated in a licensing statute when the legislature wishes to allow or require specialty designations or specialty certificates," citing the now-repealed Licensed Professional Counselor Act, V.T.C.S. art. 4512g, § 13 (repealed by Acts 1993, 73d Leg., ch. 581, § 20 (eff. Sept. 1, 1993)), and the Texas Medical Physics Practice Act, V.T.C.S., art. 4512n, § 13. "Since the legislature did not specify specialties in the [act], one may conclude that the legislature did not intend to require specialties under the [act], other than the limited certification." You also suggest that the board is not authorized to establish specialty certificates because

this would, in effect, establish a new category of "limited certification" which is not provided for by section 2.03(10), the section in the act defining this term. *See supra.*

We disagree with your analysis and conclusion for the following reasons. Although the legislature has only defined general and limited certification, we believe that the first sentence of section 2.05(b) must be read broadly to authorize the board to establish a variety of classes of certificates, especially when read in conjunction with the succeeding sentence which provides that the board is authorized to issue general and limited certificates and temporary certificates. If the board were confined to issuing general and limited certificates, the first sentence of section 2.05(b) would be wholly redundant and therefore meaningless. *See Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex. 1987) (in statutory construction, one should give effect to all words of a statute and not treat any statutory language as surplusage if possible).[3]

This construction of section 2.05(b) is also supported by an examination of the act as a whole. Section 2.05(a)(1) provides that the board shall adopt rules establishing "minimum standards for issuing, renewing, suspending, and revoking certificates issued under [the act]." In addition, section 2.04(d) provides that the "advisory board shall recommend for the consideration of the Texas Board of Health rules to implement standards adopted under [the act] and shall recognize existing standards that apply to the scope of practice for both general and limited certifications." Furthermore, section 2.02 of the act states that its purpose is "to protect the health and safety of the people of this state from the harmful effects of excessive radiation used for medical purposes by establishing minimum standards for the certification of medical radiologic technologists." These provisions give the board broad power to promulgate standards for certification, and the authority to consider both practice standards and public health and safety in doing so. We believe that promulgating rules implementing specialty certification would be consistent with this authority and the general purpose of the act.

---

[3]The provisions of Senate Bill 32 enacting the Medical Radiologic Technologist Certification Act were added to Senate Bill 1439 by a floor amendment on third reading in the house. H.J. of Tex., 70th Leg., at 3949 (1987). Senate Bill 1439 was enacted as chapter 1096. *See* Acts 1987, 70th Leg., ch. 1096, at 3717. A Senate Committee on Health and Human Services bill analysis of Senate Bill 32 describes section 2.05(b) as follows:

> Directs the Texas Board of Health to establish different classes of certificates, *including* general and limited certificates and general and limited temporary certificates.

Senate Comm. on Health and Human Services, Bill Analysis, S.B. 32, 70th Leg. (1987) (emphasis added). Use of the term "including" suggests that the legislature did not intend to confine the board to issuing general and limited certificates and general and limited temporary certificates.

We add two further notes in conclusion. First, although we conclude above that the board is authorized to adopt rules establishing specialty certification in lieu of general or limited certification, we do not believe that the act *requires* the board to do so. The board's current rules providing for general and limited certification are clearly authorized by and consistent with its statutory authority. Furthermore, although your concern that a specialty certification scheme "would [wreak] havoc in the profession and among current certificate holders and their employers" is not a legal reason for refraining from adopting the rules, it is certainly a policy consideration that the board may take into account in deciding whether or not to adopt them.

Second, you state that the advisory board's recommendation to establish the specialty certification scheme stems from

> its concern over the lack of training or education individuals may
> have. Generally, individuals are trained or educated in one, but not
> all, of the disciplines. However, the general certification allows an
> individual educated in one area to practice in all three areas.

We note that there are several ways in which the board might address this concern. For example, it is clear that the act authorizes the board to adopt rules requiring that every certificate applicant be trained and examined in all three disciplines of the field of radiology.[4]

---

[4]*See* V.T.C.S. art. 4512m, § 2.05(a)(1) (requiring the board to adopt standards for issuing certificates), (a)(2) (requiring the board to adopt rules establishing minimum standards for approving the curricula and programs to train individuals to perform radiologic procedures), (a)(3) (requiring the board to adopt rules establishing minimum standards for approving the instructors who teach approved curricula and programs), (d) (authorizing the board to establish guidelines, including continuing education requirements, for medical radiologic technologists, and to prepare and conduct an examination for certificate applicants).

# S U M M A R Y

The Texas Board of Health is authorized under the Medical Radiologic Technologist Certification Act, article 4512m, V.T.C.S., to promulgate rules implementing a system of specialty certification in diagnostic radiography, nuclear medicine, and radiation therapy.

Very truly yours,

**DAN MORALES**
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW DURHAM
Deputy Attorney General for Criminal Justice

WILL PRYOR
Special Counsel

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General