

# ®ffice of the Attorney General
## State of Texas

DAN MORALES
ATTORNEY GENERAL

January 10, 1994

Honorable Barry L. Macha                    Opinion No. DM-281
Criminal District Attorney
900 Seventh Street                          Re:   Whether the State Board of Education
Wichita Falls, Texas 76301-2482             is authorized to enact a regulation providing
                                            for the deduction of a school district's debt
                                            to the Texas School for the Blind and
                                            Visually Impaired and the Texas School for
                                            the Deaf from available school fund
                                            payments to the school district   (RQ-585)

Dear Mr. Macha:

You ask whether the State Board of Education (the "board") is authorized to enact
a regulation providing for the deduction of a school district's debt to the Texas School for
the Blind and Visually Impaired and the Texas School for the Deaf (the "state schools")
from available school fund payments to the school district. You state that in May 1993,
the board enacted the following regulation, to be codified as section 89.239(c)(3) of title
19 of the Texas Administrative Code:

> Beginning with the 1993-1994 school year, if the agency cannot
> make the deductions required by this section from a district's
> foundation school program payments, the deductions shall be made
> from the available school fund payments to the district. A district
> shall indicate whether it will make a direct payment or authorize the
> [Texas Education Agency] to deduct the appropriate amount from
> the available school fund payment.

*See* Texas Education Agency, 18 Tex. Reg. 3094 (May 14, 1993). Although the second
sentence of the regulation suggests that a district will be given the choice between making
a direct payment or authorizing the Texas Education Agency ("TEA") to deduct the
appropriate amount from the district's available school fund payment, we believe that
when the second sentence is read in conjunction with the first sentence of the regulation[1] it
is clear that the deductions from the available school fund payments are mandatory rather
than voluntary.[2]

---

[1]19 T.A.C. § 89.239(c)(3) ("deductions *shall* be made from the available school fund payments to
the district") (emphasis added).

[2]We believe that the deductions are, in essence, mandatory, because the regulation would
authorize the TEA to deduct the funds from a school district's available school fund payment if the school

You believe that this regulation violates article VII, section 5(a) of the Texas Constitution which creates the permanent school fund and the available school fund, and provides that the

> available school fund shall be applied annually to the support of the public free schools. Except as provided by this section, no law shall ever be enacted appropriating any part of the permanent or available school fund to any other purpose whatever . . . and the available school fund herein provided shall be distributed to the several counties according to their scholastic population and applied in such manner as may be provided by law.

*See also* Educ. Code §§ 15.12(a) ("All available public school funds of Texas shall be appropriated in each county for the education of its children."), 20.48 (governing expenditures by public free schools).[3] Because we conclude that the new regulation exceeds the board's statutory rule-making authority, we do not reach the question whether the deduction of funds owed to the state schools from available school fund payments runs afoul of article VII, section 5(a). The reasons for our conclusion follow.

Generally, an administrative agency can adopt only those rules that are authorized by and consistent with its statutory authority. *Texas Fire & Cas. Co. v. Harris County Bail Bond Bd.*, 684 S.W.2d 177, 178 (Tex. App.--Houston [14th Dist.] 1984, writ ref'd n.r.e.). An administrative agency may not adopt rules which impose additional burdens, conditions, or restrictions in excess of or inconsistent with those statutory provisions. *Id.*; *Hollywood Calling v. Public Util. Comm'n of Texas*, 805 S.W.2d 618, 620 (Tex. App.--Austin 1991, no writ).

Section 21.507 of the Education Code requires that "[f]or each student enrolled in [the state schools], the school district that is responsible for providing appropriate special education services to the student shall share the cost of the student's education as provided by this section." Educ. Code § 21.507(a); *see also id.* § 11.063(b) (as amended by Acts 1993, 73d Leg., ch. 383 (eff. Sept 1, 1993)) (setting forth funding sources for the state schools). Subsection (d) of section 21.507 provides as follows:

> Each school district and state institution shall provide to the commissioner of education the necessary information to determine the district's share under this section. . . . After determining the

---

(footnote continued)

district fails to makes an election or elects to makes a direct payment and then fails to do so. The election set forth in the second sentence of the regulation is illusory.

[3]The 73rd Legislature adopted legislation that repeals many chapters of the Education Code, including chapters 15 and 21, effective September 1, 1995. *See* Acts 1993, 73d Leg., ch. 347, § 8.33(2).

> amount of a district's share for all students for which the district is responsible, the commissioner shall deduct that amount from the payments of *foundation school funds* payable to the district. Each deduction shall be in the same percentage of the total amount of the district's share as the percentage of the total *foundation school fund* entitlement being paid to the district at the time of the deduction, except that the amount of any deduction may be modified to make necessary adjustments or to correct errors. The commissioner shall provide for remitting the amount deducted to the appropriate school at the same time at which the remaining funds are distributed to the school district. [Emphasis added.]

Subsection (f) gives the board the authority to adopt rules to implement this section.

Pursuant to this rule-making authority, the board has adopted section 89.239(c) of title 19 of the Texas Administrative Code. Subparts (1) and (2) predate subpart (3). Subpart (1) requires school districts and the state schools to submit information to the TEA necessary to determine the school districts' share of costs within thirty days of a student's enrollment at one of the state schools. 19 T.A.C. § 89.239(c)(1) (as amended by 18 Tex. Reg. 3094). Subpart (2) provides that the "TEA will make deductions from the school district's regularly scheduled *foundation school program fund payments*" and will make payments to the state schools according to an established schedule. *Id.* § 89.239(c)(2) (emphasis added).

Unlike preexisting subpart (2) which authorizes the TEA to deduct funds from foundation school fund payments, new subpart (3) authorizes the TEA to deduct funds from available school fund payments. Apparently, the board relies solely upon subsection (f) of section 21.507 of the Education Code as the source of its rule-making authority. *See* Texas Education Agency, 18 Tex. Reg. 1996, 1997 (March 30, 1993); *id.* at 3094 (May 14, 1993).[4] Section 21.507 of the Education Code expressly authorizes the commissioner of education to deduct funds from foundation school fund payments. It makes no mention of deductions from available school fund payments, and we do not believe that the authority to make mandatory deductions from payments from that fund may be implied from the statute. Whereas the foundation school program is a creature of

---

[4]The board has stated:

> The amendment is adopted under the Texas Education Code, § 21.507(f), which authorizes the State Board of Education (SBOE) to adopt rules as necessary to implement statutory requirements concerning support of students referred to the Texas School for the Blind and Visually Impaired or the Texas School for the Deaf.

Texas Education Agency, 18 Tex. Reg. 3094 (May 14, 1993).

statute, *see* Educ. Code ch. 16 (establishing the foundation school program), the available school fund is a creature of the constitution, *see* Tex. Const. art. VII, § 5(a); *see also* Educ. Code ch. 15 (providing for the administration of the permanent school fund and the available school fund). Given this fact, we believe that if the legislature had intended to authorize the board to provide for mandatory deductions from available school fund payments, it would have provided so expressly. For this reason, we conclude that the new regulation is inconsistent with section 21.507 of the Education Code. *See Hollywood Calling*, 805 S.W.2d at 620; *Texas Fire & Cas. Co.*, 684 S.W.2d at 178.

Furthermore, we believe that the regulation imposes additional burdens on school districts in excess of those imposed by that statutory provision. *See Hollywood Calling*, 805 S.W.2d at 620; *Texas Fire & Cas. Co.*, 684 S.W.2d at 178. While section 21.507 of the Education Code provides for deductions from schools' foundation school fund payments, the regulation imposes mandatory deductions from an additional funding source, the available school fund. Although we appreciate the difficulty TEA may have collecting funds for the state schools from school districts which do not receive foundation school fund payments and acknowledge the importance of collecting these funds, we can only conclude that section 89.239(c)(3) of title 19 of the Texas Administrative Code exceeds the board's rule-making authority under section 21.507(f) of the Education Code.[5]

## S U M M A R Y

The State Board of Education is not authorized by section 21.507(f) of the Education Code to enact a regulation providing for the mandatory deduction of a school district's debt to the Texas School for the Blind and Visually Impaired and the Texas School for the Deaf from available school fund payments to the school district.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[5]We do not address whether the regulation is authorized by some other statutory source of rule-making authority.