

OFFICE *of the* ATTORNEY GENERAL
GREG ABBOTT

January 17, 2003

The Honorable John W. Segrest
Criminal District Attorney
McLennan County
219 North 6th Street, Suite 200
Waco, Texas 76701

Opinion No. GA-0011

Re: Whether a county bail bond board is authorized to adopt a rule providing for the release of some of a license holder's security when the license holder will continue to engage in the bonding business   (RQ-0579-JC)

Dear Mr. Segrest:

You ask whether a county bail bond board is authorized to adopt a rule providing for the release of some of a license holder's security when the license holder will continue to engage in the bonding business.[1] If a bail bond board may adopt such a rule, you also ask whether the rule may provide for reasonable restrictions on the release of security, such as limits on the frequency of requests and the amounts that may be released. We conclude that a county bail bond board is authorized to adopt a rule providing for the release of some of a license holder's security and that the rule may impose restrictions on the release of security. The rule may not permit a license holder to reduce the license holder's security to an amount less than that required by section 1704.160 or section 1704.203 of the Occupations Code. *See* TEX. OCC. CODE ANN. §§ 1704.160, 1704.203 (Vernon 2003).

In each county with a population of 110,000 or more, chapter 1704 of the Occupations Code creates a bail bond board, *see id.* § 1704.051, which is charged with licensing and regulating bail bond sureties in the county, *see id.* § 1704.101. With the exception of an attorney who acts as a surety for a client, a person may not act as a bail bond surety in a county unless the person has a license issued by the county bail bond board. *See id.* §§ 1704.151 (licensing requirement), 1704.163(a) ("Except as provided by this section, a person not licensed under this chapter may execute a bail bond or act as a surety for another person in any county in this state if the person: (1) is licensed to practice law in this state; and (2) represents the other person in the criminal case for which the bond was given.").

---

[1]*See* Letter from Honorable John W. Segrest, McLennan County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (July 18, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

Your question involves the security a license holder must deposit with the county treasurer to secure the bail bonds the license holder will execute in the county. Section 1704.160 provides that once an individual's or corporation's application for a bail bond license has been conditionally approved by the board, the applicant must provide security by either depositing a cashier's check, certificate of deposit, or cash with the county treasurer, or by executing in trust to the board deeds to real property. *See id.* § 1704.160(a)(1) (security for an individual), (2) (security for a corporation). An order conditionally approving an application becomes final on the date the applicant complies with the security requirements of section 1704.160. *See id.* § 1704.159(b).

Significantly, a license holder must maintain the amount of security required by section 1704.160 during the time the person holds the license. *See id.* § 1704.160(i). A license holder's security may not be worth less than $50,000. *See id.* § 1704.160(b), (d). If a final judgment on a forfeiture of a bail bond is paid from the security deposited or executed by a license holder under section 1704.160, the license holder "shall deposit or execute additional security in an amount sufficient to comply with that section." *Id.* § 1704.206.

Under section 1704.203, the extent of a license holder's authority to execute bonds depends upon the value of the security the license holder has deposited with the county treasurer or executed in trust to the board. For example, a license holder who holds a license originally issued before September 1, 1999 "may not execute, and a person may not accept from the license holder, a bail bond that, in the aggregate with other bail bonds executed by the license holder in that county, results in a total amount that exceeds 10 times the value of the security deposited or executed by the license holder under Section 1704.160." *Id.* § 1704.203(a). Subsection (f) provides different ratios for license holders who obtained their licenses on or after September 1, 1999. *See id.* § 1704.203(f)(1)-(4). A license holder, "at any time, may increase the limits prescribed by this section by depositing or executing additional security." *Id.* § 1704.203(d).

Chapter 1704 does not provide a mechanism for a license holder to withdraw security except when the license holder ceases to engage in the bonding business. Under section 1704.210, a license holder may withdraw "the security deposited or executed under Section 1704.160, and the security shall be returned to the license holder" if the license holder ceases to engage in the bonding business, ceases to maintain the license, and presents a release by the board. *See id.* § 1704.210(a)(1). Additionally, a license holder is not entitled to withdraw the security unless "no judgment or bond liability, actual or potential, is outstanding against the license holder." *Id.* § 1704.210(a)(2). Furthermore, a license holder will not necessarily receive the full amount deposited or executed under section 1704.160:

> (b) The security returned to a license holder under Subsection (a) is equal to the amount of security deposited or executed under Section 1704.160 minus the amount of security:
>
> (1) depleted under Section 1704.204(b) to pay a judgment; and

> (2) necessary to secure any unexpired obligation on a bail bond executed by the license holder.

*Id.* § 1704.210(b).

You explain that your question involves the following situation: "[A] bail bondsman has excess bonding authority, and wishes to obtain a release of the excess security rather than increase his bonding to the extent of that authority." Request Letter, *supra* note 1, at 1. By "excess bonding authority," you mean that the value of the bonds executed by the bondsman falls short of the amount the bondsman could execute based on the amount of security the bondsman has deposited. The bondsman may need the security for other purposes, such as tax liabilities, and asks the board to release some of it. In light of this situation, you ask two questions:

> Does a bail bond board have authority to pass a rule providing for or to otherwise authorize the release of security in excess of that needed to meet the ratio of security to the outstanding bond obligations of a bondsman where the bondsman is not ceasing to act as a bail bondsman, still maintains a license, and/or has outstanding bonds (even if at a level well below the bonding authority established by the ratio)?

> If the answer to the first question is in the affirmative, must the bail bond board do so if requested by a bondsman, or may they enact rules that provide reasonable restrictions on release, such as limiting the frequency of requests and amounts of reduction?

*Id.* at 2-3.

We conclude that a county bail bond board is authorized to adopt a rule providing for the release of some of a license holder's security. The rule may limit the conditions under which a board will release security. The board rule may not authorize the release of security that would reduce the license holder's total security to an amount less than that required by section 1704.160 or to an amount that would violate the applicable bond to security ratio established by section 1704.203.

Chapter 1704 authorizes a county bail bond board to "exercise powers incidental or necessary to the administration of this chapter"; to "supervise and regulate each phase of the bonding business in the county"; and to "adopt and post rules necessary to implement this chapter." TEX. OCC. CODE ANN. § 1704.101 (Vernon 2003). This authority is not unlimited, however. Courts have held that a bail bond board may adopt only such rules as are authorized by and are consistent with statutory authority, and may not adopt rules which impose additional burdens, conditions, or restrictions in excess of or inconsistent with statutory provisions. *See Garcia-Marroquin v. Nueces County Bail Bond Bd.*, 1 S.W.3d 366, 372 (Tex. App.–Corpus Christi 1999, no pet.); *Tex. Fire & Cas. Co. v. Harris County Bail Bond Bd.*, 684 S.W.2d 177, 178 (Tex. App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Bexar County Bail Bond Bd. v. Deckard*, 604 S.W.2d 214, 216 (Tex. Civ. App.–San Antonio 1980, no writ).

A rule allowing the release of security to a license holder who will continue to engage in the bonding business falls within chapter 1704's broad grant of power to a bail bond board to adopt rules and to "supervise and regulate each phase of the bonding business in the county." TEX. OCC. CODE ANN. § 1704.101(3) (Vernon 2003). Furthermore, nothing in chapter 1704 precludes a bail bond board from adopting such a rule. Chapter 1704 does not expressly provide for the release of security except when a license holder will cease to engage in the bonding business and cease to maintain the license. *See id.* § 1704.210(a)(1). We do not believe, however, that the express authority to release security to a license holder who will cease to engage in the bonding business precludes a bail bond board from adopting a rule permitting the release of some of a license holder's security under other circumstances.

We note, however, that two provisions govern how much security a license holder must maintain and thereby limit a bail bond board's authority to adopt a rule providing for the release of security. First, a license holder must maintain the amount of security required by section 1704.160 until the person ceases to maintain the license. *See id.* § 1704.160(i) ("A license holder must maintain the amount of security required by this section during the time the person holds the license."); *see also id.* §§ 1704.252(15) ("After notice and hearing, a board may revoke or suspend a license if the license holder . . . fails two or more times to maintain the amount of security required by Section 1704.160 . . . ."), 1704.253(a) ("A board shall immediately suspend a license if the license holder fails to maintain the amount of security required by Section 1704.160. A board is not required to provide notice or a hearing before suspending a license under this subsection. A license suspended under this subsection shall be immediately reinstated if the license holder deposits or executes the amount of security required by Section 1704.160."). Thus, a board rule may not authorize the release of security that would reduce the license holder's total security to an amount less than that required by section 1704.160. Second, under the ratios established by section 1704.203, a license holder's authority to execute bonds (and a person's authority to accept a bond from a license holder) is limited by the amount of security the license holder has deposited or executed under section 1704.160 and any amounts the license holder has added pursuant to section 1704.203(d). *See id.* § 1704.203(a), (f) (ratios); *see also id.* § 1704.203(d) (permitting license holder to deposit or execute additional security). By implication, section 1704.203 limits the authority of a bail bond board to adopt a rule that would reduce a license holder's security to an amount whereby the bonds executed by the license holder would exceed the applicable bond to security ratio established by section 1704.203.

In answer to your second question, a bail bond board that adopts a rule providing for the release of security may impose "reasonable restrictions on release, such as limiting the frequency of requests and amounts of reduction." Request Letter, *supra* note 1, at 3. Chapter 1704 does not provide a license holder who will continue to engage in the bonding business with any entitlement to the release of security. Thus, reasonable restrictions on the release of security would not impose on license holders additional burdens, conditions, or restrictions in excess of or inconsistent with chapter 1704, and would be within the bail bond board's power granted in chapter 1704 of the Occupations Code.

## S U M M A R Y

A county bail bond board is authorized to adopt a rule providing for the release of some of a license holder's security. Such a rule may impose reasonable restrictions on the release of security. The rule may not permit a license holder to reduce the license holder's security to an amount less than that required by section 1704.160 or section 1704.203 of the Occupations Code. *See* TEX. OCC. CODE ANN. §§ 1704.160, 1704.203 (Vernon 2003).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

RICK GILPIN
Deputy Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee