

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 8, 2011

The Honorable Joel D. Littlefield
Hunt County Attorney
Post Office Box 1097
Greenville, Texas 75403-1097

Opinion No. GA-0895

Re: Authority of a county bail bond board to enact a rule that restricts a bail bond licensee from employing a person who is currently on probation or parole, or who is the defendant in a pending criminal case (RQ-0976-GA)

Dear Mr. Littlefield:

You ask about the authority of a county bail bond board to enact a rule that restricts a bail bond licensee from employing an individual who is currently on probation or parole, or who is the defendant in a pending criminal case.[1] You specifically inquire about Rule 9.1(g), adopted by the Hunt County Bail Bond Board (the "Board"). *See* Request Letter at 2.[2]

Rule 9.1 defines "employee" as "any person hired by a Licensed Surety who performs" certain duties. Board Rule 9.1. The rule further provides that the employee

> (f) must not have been convicted of a misdemeanor involving moral turpitude or a felony in the past ten (10) years and

> (g) is not currently on probation, parole or has a misdemeanor or felony case pending.

*Id.* Subsection (f) of the Board's rule closely tracks the language of a 2001 statute:

> A person may not accept or receive from a license holder money, property, or any other thing of value as payment for employment with a bonding business if, within the preceding 10

---

[1]Letter from Honorable Joel D. Littlefield, Hunt County Attorney, to Honorable Greg Abbott, Attorney General of Texas (June 13, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]*See id.* at Exhibit A (Rules and Regulations of the Hunt County Bail Bond Board at 15 (Sept. 16, 2010)) ("Board Rule 9.1").

years, the person has been convicted of a misdemeanor involving
moral turpitude or of a felony.

TEX. OCC. CODE ANN. § 1704.302(c) (West 2004).[3] Subsection (g) of the Board's rule, however, imposes additional requirements that exceed the prohibitions established by the Legislature when it enacted section 1704.302, specifically that the Board would prohibit a licensee from employing an individual who is currently on probation or parole, or who is the subject of a pending felony or misdemeanor prosecution. *See* Board Rule 9.1(g). You suggest that, by virtue of the broad authority conferred upon a bail bond board, the promulgation of subsection (g) is within the power of the Board in question.[4]

Pursuant to chapter 1704 of the Occupations Code, a bail bond board is authorized, in relevant part, to

(1) exercise powers incidental or necessary to the administration of this chapter;

. . . .

(3) supervise and regulate each phase of the bonding business in the county;

(4) adopt and post rules necessary to implement this chapter;

. . . .

TEX. OCC. CODE ANN. § 1704.101 (West 2004). Your brief relies on an appellate decision from 1989 that declared that this "broad rule-making power impliedly authorizes the [Dallas County Bail Bond] Board to supervise and regulate employees of bondsmen to the extent that such employees perform meaningful duties in the bonding business." *Dallas Cnty. Bail Bond Bd. v. Stein*, 771 S.W.2d 577, 580 (Tex. App.—Dallas 1989, writ denied); *see* County Attorney's Brief at 1–2. However, the *Stein* opinion was issued before the Legislature had "expressly set forth eligibility requirements for employees of licensees." *Stein*, 771 S.W.2d at 580. As the opinion noted, however, "an agency's rules must be consistent with the laws of this state." *Id.* Moreover, the Texas Supreme Court has observed that, "[i]n deciding whether a particular administrative agency has exceeded its rule-making powers, the determinative factor is whether the rule's provisions are 'in harmony with the general objectives of the Act involved.'" *Pruett v. Harris Cnty. Bail Bond Bd.*, 249 S.W.3d 447, 452 (Tex. 2008) (quoting *Gerst v. Oak Cliff Savs. & Loan Ass'n.*, 432 S.W.2d 702, 706 (Tex. 1968)).

---

[3]Act of May 27, 2001, 77th Leg., R.S., ch. 1262, § 12, 2001 Tex. Gen. Laws 2996, 3000.

[4]*See* Request Letter at Exhibit B (Brief from Joel D. Littlefield at 1–2) ("County Attorney's Brief").

As noted above, in 2001 the Legislature placed specific restrictions on a bail bond business's employees. *See* TEX. OCC. CODE ANN. § 1704.302(c) (West 2004).[5] Under subsection (g) of Rule 9.1, the Hunt County Bail Bond Board imposes additional restrictions beyond those prescribed by the Legislature by denying employment to any person who is currently on probation or parole without regard to whether the individual was convicted within the past ten years. *See* Board Rule 9.1(g). The rule further denies employment to any person who is the subject of a *pending* felony or misdemeanor. *See id.* In 1984, an appellate court considered whether a bail bond board was permitted to promulgate a rule that required a licensee to furnish a $100,000 security deposit in order to do business in the county. *See Tex. Fire & Cas. Co. v. Harris Cnty. Bail Bond Bd.*, 684 S.W.2d 177 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The court said that, because the relevant statute imposes a security deposit of not less than $5,000, but is otherwise determined by the applicant, the local rule establishing a flat $100,000 deposit "is a minimum in direct conflict with the statutory authority." *Tex. Fire & Cas. Co.*, 684 S.W.2d at 179. "The local rules thus impermissibly impose additional and conflicting burdens on bail bond applicants and consequently must fail." *Id.*; *see also Bexar Cnty. Bail Bond Bd. v. Deckard*, 604 S.W.2d 214, 217 (Tex. Civ. App.—San Antonio 1980, no writ) ("The function of the bail bond board is to administer the statute, not to amend it, at least in the absence of statutory language indicating a legislative intent that the board should have the power to add to the qualifications enumerated by the [L]egislature.").[6]

Like the rules established by the bail bond boards in the Harris and Bexar County cases, Board Rule 9.1(g) prescribes requirements for employees of bail bond licensees that "impermissibly impose additional and conflicting burdens" on those licensees and their employees. *Tex. Fire & Cas.Co.*, 684 S.W.2d at 179. As a result, we conclude that Rule 9.1(g) exceeds the authority of the Board.

---

[5]Act of May 27, 2001, 77th Leg., R.S., ch. 1262, § 12, 2001 Tex. Gen. Laws 2996, 3000.

[6]The Texas Supreme Court's opinion in *Pruett* is not to the contrary. In that case, a county bail bond board suspended the license of a bail bondsman for violating two rules governing solicitation. *Pruett*, 249 S.W.3d at 451. The rules prohibited a licensee from soliciting within twenty-four hours after the execution of an arrest warrant and during certain "non-business hours." *Id.* at 451 n.3. Although the court emphasized that the board's "explicit power is unambiguously broad" and noted that "no part of the Occupations Code . . . would appear to single out solicitation as an impermissible area of agency rule-making," the court also observed that "courts have held bail bond boards may not add to licensing requirements in light of the extremely detailed licensing regime that the Legislature established." *Id.* at 453–54. The court distinguished the solicitation rules from the kind of additional licensing requirements at issue in *Texas Fire & Casualty Co.* by noting that "a board's attempt to alter or add to licensing requirements specified in the Bail Bond Act is not the same as a board's regulation of bondsmen once they are licensed." *Id.* at 454. In the situation you pose, the Hunt County Bail Bond Board has attempted to impose on both bail bondsmen and their employees burdens that are additional to and in conflict with those established by the Legislature. *Compare* Board Rule 9.1(g), *with* TEX. OCC. CODE ANN. § 1704.302(c) (West 2004).

## SUMMARY

A rule of the Hunt County Bail Bond Board that restricts a bail bond licensee from employing an individual who is currently on probation or parole, or is the defendant in a pending criminal case, impermissibly imposes burdens on those employees that are additional to and in conflict with section 1704.302 of the Texas Occupations Code. The rule thus exceeds the authority of the Board.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee