

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

May 3, 2016

Mr. Charles Horton
Executive Director
Texas Board of Professional Geoscientists
Post Office Box 13225
Austin, Texas 78711-3225

Opinion No. KP-0080

Re: Whether the Texas Board of Professional Geoscientists has implied authority under Occupations Code chapter 1002 to accept and place limits on the voluntary surrender of a license (RQ-0066-KP)

Dear Mr. Horton:

You request our opinion about the voluntary surrender of an unexpired license issued by the Texas Board of Professional Geoscientists (the "Board").[1] Specifically you ask:

> (1) Does the Board's express authority to issue, renew, suspend, revoke, and take other disciplinary action against the Board-issued license, before expiration, include an implied authority to accept the licensee's voluntary termination by surrender of the license before it expires?

> (2) Does the Board's broad authority to regulate professional geoscience under the Act, as a whole, include the implied authority to accept a licensee's voluntary termination by surrender of a Board-issued license?

> (3) If the answer to both questions 1 and 2 is "no," is the Board authorized by other law to accept the voluntary termination by surrender of a license it issued previously?

> (4) If the Board is authorized to accept the voluntary termination by surrender of a license, must the Board accept a unilateral voluntary surrender of the license by a licensee, or may the Board impose limitations on a licensee's ability to voluntarily and unilaterally terminate a Board-issued license by surrender? For example may the Board adopt rules that would prohibit the

---

[1]*See* Letter from Mr. Charles Horton, Exec. Dir., Tex. Bd. of Prof'l Geoscientists, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Nov. 5, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

> licensee from voluntarily and unilaterally, without Board approval, terminating a license while the licensee is under Board investigation or is the subject of a pending disciplinary action by the Board?

Request Letter at 2. As your first two questions raise the issue of the Board's implied power, we address them together. *See id.*

As an administrative agency of the State, the Board has only those powers expressly given it by the Legislature or those implied powers that are reasonably necessary to carry out its express functions or duties. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192–93 (Tex. 2007). "An agency may not, however, exercise what is effectively a new power, or a power contradictory to the statute, on the theory that such a power is expedient for administrative purposes." *Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd. of San Antonio*, 53 S.W.3d 310, 316 (Tex. 2001). But an agency will be determined to have that implied power which is necessary to accomplish its purpose. *See id.* (acknowledging that the Legislature impliedly intends that an agency have "whatever powers are reasonably necessary to fulfill its express functions or duties"). When considering the scope of an agency's authority, courts examine the language of the statute to determine, and give effect to, the Legislature's intent with respect to the agency's implied powers. *Buddy Gregg Motor Homes, Inc. v. Motor Vehicle Bd. of Tex. Dep't of Transp.*, 156 S.W.3d 91, 101 (Tex. App.—Austin 2004, pet. denied). Absent an express grant of power to accept the unilateral, voluntary termination of a license, we look to the language of chapter 1002 to consider whether such power is reasonably necessary for the Board to carry out its express functions.

Chapter 1002 of the Occupations Code provides for the licensing and regulation of geoscientists. *See* TEX. OCC. CODE §§ 1002.001–.501 ("Texas Geoscience Practice Act"). Chapter 1002 requires a person who engages in the public practice of geoscience to have a license issued by the Board. *Id.* §§ 1002.251(a), .156, .261(a); *see also id.* § 1002.252 (listing activities exempted from license requirement). Under chapter 1002, the Board has express authority to "adopt and enforce rules consistent with [chapter 1002] and necessary for the performance of its duties." *Id.* § 1002.151. The Board is authorized to set reasonable and necessary fees, including for the "application, examination, licensure, and renewal of a license." *Id.* § 1002.152. It shall adopt and enforce a code of professional conduct. *Id.* § 1002.153(a)–(b). The Board is mandated to enforce chapter 1002, including receiving complaints and conducting investigations. *See id.* § 1002.154(a)–(c). Chapter 1002 authorizes the Board to deny a license in certain instances. *See id.* § 1002.401. Chapter 1002 also authorizes the Board to establish a license expiration schedule. *See id.* § 1002.262. And it authorizes the Board to impose sanctions and to take disciplinary actions, including the suspension and revocation of a license. *See id.* §§ 1002.402, .403.

You point to either the Board's general rulemaking power or its range of enforcement powers as express powers from which may be implied the power to accept a voluntary surrender of a license. *See* Request Letter at 2–3. The Board's rulemaking authority encompasses broadly that power which is necessary for the Board to perform its regulatory and enforcement duties.

*See* TEX. OCC. CODE § 1002.151. In addition, the Board is expressly authorized to fully suspend or revoke a license. *See id.* § 1002.403(a)(2)–(3). Chapter 1002 does not have a stated purpose but considered as a whole, it is apparent that the purpose of the chapter is to protect the public by ensuring that persons practicing as geoscientists are qualified, perform under a code of ethics and behavior, and are subject to investigation and discipline for acting in violation of chapter 1002. *See supra* at 2 (citing TEX. OCC. CODE §§ 1002.152–.154, .401). The Board's express authority over a license expiration schedule and its authority to terminate a license via suspension or revocation implicitly include the authority to allow a licensee to terminate his or her own license by surrendering it. Having the power to accept a voluntary surrender of a license comports with the purpose of the statute, including the power of revocation, and is reasonably necessary for the Board to regulate the practice of geoscience. And it does not equate to the exercise of a new power. *See Pub. Util. Comm'n of Tex.*, 53 S.W.3d at 316 (recognizing that an administrative agency may not, by rule, exercise what is effectively a new power for expediency's sake). Accordingly, a court would likely determine that the powers given the Board to enforce chapter 1002's regulation of professional geoscientists include the implied authority to accept a unilateral, voluntary surrender of a license by a licensee. Given this conclusion, we need not address your third question.

Your fourth question is whether the Board may be required to accept such a voluntary surrender of a license or whether the Board may impose conditions on its acceptance of a license surrender. *See* Request Letter at 2. The Board's acceptance of a voluntary surrender of a license is not an express power mandated in chapter 1002. *See supra* at 2. Nor is it a duty imposed by chapter 1002. *Cf.* TEX. GOV'T CODE § 311.016 ("'Shall' imposes a duty."). Accordingly, chapter 1002 does not require the Board to accept a unilateral, voluntary surrender of a license. A court would likely conclude that, pursuant to its general rulemaking power, the Board may impose reasonable conditions on its acceptance of a voluntary license surrender.[2] *See* TEX. OCC. CODE § 1002.151.

---

[2]Though you refer to potential elements of a rule, you do not provide us the language of any proposed rule. Thus, we do not opine on any specific rule but advise you only generally that an administrative rule may not impose additional burdens, conditions, or restrictions that are inconsistent with the statute. *Hollywood Calling v. Pub. Util. Comm'n*, 805 S.W.2d 618, 620 (Tex. App.—Austin 1991, no writ). The determinative factor in deciding whether an agency has exceeded its rulemaking authority is whether the rule's provisions are in harmony with the statute's general objectives. *Pruett v. Harris Cty. Bail Bond Bd.*, 249 S.W.3d 447, 452 (Tex. 2008).

## S U M M A R Y

A court would likely determine that the Board of Professional Geoscientists has implied authority under chapter 1002 of the Occupations Code to accept the unilateral, voluntary surrender of a license by a licensee. A court would likely also find that the Board may impose reasonable conditions on its acceptance of a voluntary license surrender.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee