Joseph H. AUSTIN, Appellant,

v.

**HARRIS COUNTY BAIL BOND BOARD, Appellee.**

No. 01–87–00816–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 4, 1988.

Rehearing Denied Aug. 31, 1988.

Published in Part Pursuant to Tex.R.App.P. 90.

John Batchan, Houston, for appellant.

Mike Driscoll, County Atty., Alan J. Guttman, Asst. County Atty., Harris County, for appellee.

Before JACK SMITH, COHEN and STEPHANOW, JJ.

## OPINION

STEPHANOW, Justice.

Appellant, Joseph H. Austin ("Austin"), appeals from the trial court's judgment upholding the appellee's, Harris County Bail Bond Board's ("the Board"), decision to deny his application for a bail bondsman's license.

Austin was originally licensed as a bail bondsman in 1973. To secure his bail bond obligations, he conveyed real property in trust to the Harris County Sheriff. Approximately one month after his trust deed to the sheriff, Austin gave a warranty deed for the same property to J.W. Robinson without notifying the Board. Based on this violation of the Bail Bond Act, Tex.Rev.Civ. Stat.Ann. art. 2372p–3 (Vernon Supp.1988), the Board, in 1978, revoked his license to act as a bail bondsman in Harris County.

After the revocation of Austin's license, certain bonds under the license were forfeited. These forfeited bonds remained unpaid and were reduced to final judgments against Austin. At one point, the delinquent final judgments totalled over $100,-000. Austin eventually paid off these liabilities by tendering cash payments to the sheriff for the next seven to 10 years. In 1986, after the debts were completely paid, Austin applied to renew his bail bonding license, and was informed by the Board that he had to apply for a new license. After a hearing, the Board denied the license for the following reasons:

*(1) deeding property to another party or further encumbering property that had already been deeded, ... to the sheriff at a prior license, which was a violation of the Act at the time.*

*(2) the failure to pay final judgment within 30 days and the fact that it took between seven and ten years to pay the final judgments that were owed the county which, again, is a violation of the Bail Bond Board Act now and was a violation then.*

*(3) the conviction for two offenses relating to the bonding business, specifically the advertising without being licensed, which is a violation of one of the local rules, as well as was another concern of the Board members.*

Austin admits that the reasons given for denying his application for a bail bonding license constitute valid reasons to *revoke* an existing license, *see* article 2372p–3, sec. 9, but he contends that they are not valid reasons to deny him a current application. He urges that an "error committed by a person in the past which is not listed as a prerequisite to obtaining a license" can not be used "to *forever* deny you the opportunity to obtain a license in the future."

The Bail Bond Act provides for a regulatory Board to conduct a hearing on a licensing application to determine whether any "grounds exist on which to refuse the application...." Article 2372p–3, sec. 6(e). Prior to the hearing, the Board is empowered to conduct any necessary inquiries "to determine whether the applicant possesses

the financial responsibility and meets the other requirements of this Act." Article 2372p–3, sec. 6(d).

Article 2372p–3, section 3 governs the licensing and eligibility requirements for bail bondsmen. This section provides that a bail bondsman: (1) must be a resident of the state and a citizen of the United States; (2) be at least 18 years of age; and (3) possess sufficient financial resources to provide indemnity against loss on obligations undertaken. Article 2372p–3, sec. 3(b). Moreover, an individual who is convicted of a felony offense or a misdemeanor offense involving moral turpitude is not eligible for a license under the Act. Article 2372p–3, sec. 3(c).

Any person desiring a bail bondman's license must file a sworn application that contains "such information as the Board may prescribe including the following": (1) name, age, and address of the applicant; (2) the name under which the business shall be conducted; (3) the name of the place, including street address and city, where the business shall be conducted; (4) a statement listing all the non-exempt real estate that the applicant intends to convey in trust to the Board, including current statements from each taxing unit, a statement that the applicant will not further encumber the property that he is conveying to the Board, an agreement to insure the property in trust, and a statement from a spouse agreeing to transfer the property to the Board; (5) a statement indicating the amount of cash that applicant intends to place on deposit with the county treasurer; (6) a complete sworn financial statement; and (7) a declaration that the applicant will comply with the Act and the rules prescribed by the Board. Article 2372p–3, sec. 6(a)(1)–(7).

The applicant must also submit letters of recommendation from three reputable persons who have known the applicant for at least three years. If the applicant has been previously licensed under the Act in another county, the application must be accompanied by a letter from the appropriate Board stating that he is in good standing in that county. Article 2372p–3, sec. 6(b).

Section 9 provides that "no license may be issued to any person who has not complied with the requirements of this Act for applying for an original or renewal license."

In his first point of error, Austin contends that the trial court erred in not reversing the Board's decision denying his application for a bail bond license. He contends that he meets the eligibility requirements of the Act, and the Board was not entitled to make any other rules relating to the qualifications of an applicant.

Although Austin meets the eligibility requirements of age, citizenship, residency, and financial resources that are set forth in article 2372p–3, section 3, this alone does not entitle him to be awarded a license. The Board is entitled to determine whether he possesses the "financial responsibility and meets other requirements of this Act." Article 2372p–3, sec. 6(d). The Board was also entitled to consider his prior background as a bail bondsman, which is indicative of his honesty and truthfulness in the present sworn application, particularly his declaration that he will comply with the Act and the rules prescribed by the Board. When an applicant has failed to comply with the Act or violated Board rules, the Board may consider that past behavior in determining whether the applicant will comply in the future.

The Act specifically provides that, if the applicant is licensed in another county, he must provide the Board with a letter stating whether he is in good standing in that county. Article 2372p–3, sec. 6(b). It would, therefore, be unreasonable to conclude that the Board could not consider an applicant's standing in regard to a prior license in the same county.

We hold that the Board's ability to review an applicant's past record as a licensed bail bondsman does not impose an additional qualification, burden, condition, or restriction in excess of or inconsistent with the statutory provisions of the Act. *See Bexar County Bail Bond Board v. Deckard,* 604 S.W.2d 214, 217 (Tex.Civ.

App.—San Antonio 1980, no writ) (the Act governs the issuance of licenses, and the Board cannot impose any additional qualifications as a prerequisite to obtaining a license).

Appellant's first point of error is overruled.

The remainder of the opinion is ordered not published. Tex.R.App.P. 90.

The judgment is affirmed.