

# THE ATTORNEY GENERAL
# OF TEXAS

January 31, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Travis S. Ware          Opinion No. JM-1012
Criminal District Attorney
P. O. Box 10536                   Re: Whether the Lubbock County
Lubbock, Texas  79408             Bail Bond Board may prohibit
                                  the employment by bail bond
                                  companies of persons convicted
                                  of felonies and crimes of moral
                                  turpitude  (RQ-1609)

Dear Mr. Ware:

You ask whether the Lubbock County Bail Bond Board may prohibit the employment by bail bond companies of persons who have been convicted of felonies and crimes of moral turpitude. You state that the Lubbock County Bail Bond Board has proposed "to restrict the local bonding companies from employing those individuals who are felons or have been convicted of crimes involving moral turpitude."

Section 3 of article 2372p-3, V.T.C.S., provides that no person is eligible for a license as a bail bondsman, "who after the effective date of this Act, commits an offense for which he is finally convicted, such offense being a felony or misdemeanor involving moral turpitude."[1]

Section 9(b) of article 2372p-3 provides that a county bail bond board may, after notice and hearing, suspend a license for any one of twelve reasons enumerated in the statute. One of the bases for suspension is when the holder of a license is found to have a "final conviction . . . of a misdemeanor involving moral turpitude or a felony committed after the effective date of this Act."

---

1.  In Attorney General Opinion JM-75 (1983) it was stated that the provisions relating to offenses "committed after the effective date of this Act" in article 2372p-3 refers to August 27, 1973, the date of the original act, instead of August 31, 1981, the date of the amendatory act.

Section 15 of article 2372p-3 sets forth a number of violations by a licensed bondsman that may result in conviction of Class B and Class C misdemeanors. The employment of a person convicted of a felony or crime of moral turpitude by a bondsman is not listed as one of the violations that may result in a criminal conviction.

You advise that your question has arisen as the result of a bail bond company's hiring of an employee who has been convicted of a felony. You state that the employee is without authority to execute bonds.[2]

The employment of a convicted felon (not authorized to execute bonds) by a holder of a bail bond license is not a statutory basis for denying or suspending a license by a county bail bond board.

In _Bexar County Bail Bond Bd. v. Deckard_, 604 S.W.2d 214 (Tex. Civ. App. - San Antonio 1980, no writ), the court held that the Bexar County Bail Bond Board "may not impose additional burdens, conditions or restrictions in excess of or inconsistent with statutory provisions." In _Deckard_ the court stated:

> The rule-making power delegated to the board _under the statute is merely the power to make rules relating to the making and setting of bail bonds in the county_. There is no language granting power to make rules relating to the qualifications which must be met by applicants for licenses. A reasonable interpretation of the statutory language supports the conclusion that no such power may be implied.
>
> . . . .
>
> _The function of the bail bond board is to administer the statute, not to amend it, at least in the absence of statutory language indicating a legislative intent that the_

---

2.   In Attorney General Opinion MW-507 (1982) it was stated that a licensed corporate surety may have authorized agents to sign bonds in its behalf but an individual surety may not do so under article 17.08 of the Code of Criminal Procedure.

> board should have the power to add to the
> qualifications enumerated by the legislature.
>
> The grounds for revocation or suspension
> of a license are listed in section 9(b) of
> the statute.
>
> . . . .
>
> The statute, in section 9(b), lists eight
> grounds for the suspension of the license of
> a bondsman. The automatic suspension rule
> adopted by the board attempts to add a ninth
> ground. This it cannot do. (Emphasis
> added.)

Id. at 217.

You suggest that Austin v. Harris County Bail Bond Bd.,
756 S.W.2d 65 (Tex. App. - Houston [1st Dist.] 1988, writ
denied) may control the issue. In that case the appellant
urged that the county bail bond board denied his application
for a license on a basis set forth for suspending a license
under section 9 of article 2372p-3 rather than for the lack
of a statutory qualification for approving his application.
The court rejected appellant's contention noting that one of
the requirements for obtaining a license under section 3(c)
is "a declaration that the applicant will comply with the
Act and the rules prescribed by the Board." The court
reasoned that applicant's past behavior in not complying
with the act may be considered in determining whether he
will comply in the future. The court held that the
authority of the board to review an applicant's record as a
licensed bondsman does not impose a condition or burden
inconsistent with the act so as to be violative of the rule
in Deckard.

Under the holding in Deckard, the rule-making power of
the board is limited to the making and setting of bail bonds
in the county and the board is not authorized to impose
qualifications upon the operation of a bondsman that are not
enumerated by the statute.

## S U M M A R Y

The Lubbock County Bail Bond Board may not prohibit the employment by a licensed bail bondsman of persons (not authorized to execute bonds) who have been convicted of felonies and crimes of moral turpitude.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General