

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 20, 1992

Honorable Jack Skeen, Jr.
Smith County Criminal District Attorney
County Courthouse
Tyler, Texas 75702

Opinion No. DM-108

Re: Whether rule B11(c) of the Rules and Regulations of the Smith County Bail Bond Board which prohibits an original bail bond applicant from executing deeds of trust in property as security for obligations incurred in the bonding business is invalid as inconsistent with article 2372p-3, V.T.C.S. (RQ-205)

Dear Mr. Skeen:

You ask about the validity of a rule adopted by the Smith County Bail Bond Board (hereinafter the board) under which original applicants for bail bond licenses must make the statutorily required security deposit in the form of a cashier's check, certificate of deposit, cash or cash equivalent, but may not execute deeds to real property in trust to the board in satisfaction of the security deposit requirement.

Article 2372p-3, V.T.C.S., governs the licensing of bail bondsmen by county bail bond boards. Section 5(f)(2) directs the board to "issue licenses to those applicants who qualify under the terms of this Act." Section 6 provides for the application for the license, the board's inquiries to determine the applicant's qualifications, and a board hearing on the application. Subsection (a)(4) of section 6 requires that the application include a "statement listing any nonexempt real estate owned by the applicant that the applicant intends to convey in trust to the board to secure payment of any obligations incurred by the applicant in the bonding business." The applicant must include in connection therewith a statement from each taxing unit assessing or collecting taxes on the property indicating that there are no outstanding tax liens on it and showing the net value of the property according to the current appraisal. V.T.C.S. art. 2372p-3, § 6(a)(4)(B). Also, subsection (a)(5) of section 6 requires that the application indicate "the amount of cash or cash value of any certificate of deposit or cashier's checks which the applicant intends to place on deposit with the county treasurer to secure payment of any obligations incurred by the applicant in the bonding business."

Subsection (e) of section 6 provides, in part, that if the board is satisfied with the application, it shall tentatively approve it "subject to the application being perfected by the filing of the security deposits required of licensees under this Act." Subsection (f) of section 6 provides in relevant part:

Upon notice from the board that the application has been tentatively approved, the applicant shall then:

(1) deposit with the county treasurer ... a cashier's check, certificate of deposit, cash, or cash equivalent in the amount indicated by the applicant under Subdivision (5) of Subsection (a) of Section 6 ... but in no event less than $50,000 except in counties with populations of less than 250,000 persons ... the amount ... shall be $10,000 ... ; *or*

(2) execute in trust to the board deeds to the property listed by the applicant under Subdivision (4) of Subsection (a) of Section 6 ... which property shall be valued in the amount indicated on an appraisal by a real estate appraiser who is a member in good standing of a nationally recognized professional appraiser society or trade organization that has an established code of ethics, educational program, and professional certification program, but in no event less than $50,000 valuation, except in counties with populations of less than 250,000 persons ..., the amount ... shall be $10,000, the condition of the trust being that the property may be sold to satisfy any final judgment forfeitures that may be made in bonds on which the licensee is surety .... (Emphasis added.)

In our opinion, the above-quoted provisions clearly contemplate that the applicant, in order to satisfy the security deposit requirement, has the option of either depositing a certificate of deposit, cashier's check, cash or a cash equivalent, in the requisite amount under subsection (f)(1), *or* executing deeds to property valued in the requisite amount in trust to the board under subsection (f)(2). We do not believe the board has the power to restrict the statutorily provided for alternative means through which the applicant may satisfy the security deposit requirement by refusing to accept deeds to property in trust executed to the board under subsection (f)(2) in satisfaction of the requirement.

Section 5(f)(1), gives the county bail bond board broad authority "[t]o exercise any powers incidental or necessary to the administration of this Act" and to "prescribe and post any rules necessary to implement this Act." However, Texas authorities have held that the board does not have the power to impose on applicants for bail bondsmen licences requirements different from or additional to those of the act. *See Texas Fire & Casualty Co. v. Harris County Bail Bond Bd.*, 684 S.W.2d 177 (Tex. App.--Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Bexar County Bail Bond Bd. v. Deckard*, 604 S.W.2d 214 (Tex. Civ. App.--San Antonio 1980, no writ); Attorney General Opinions JM-1057 (1989); JM-875 (1988).

In *Deckard*, the court held that the bail bond board was without authority to require that applicants meet the security deposit requirement by depositing a letter of credit in an amount greater than the minimum required by the statute, stating that the statute contained "no language granting power to make rules relating to the qualifications which must be met by applicants for licenses." 604 S.W.2d at 217. It should be noted that at the time of the *Deckard* decision, article 2372p-3 expressly gave the board rule-making authority only with respect to "the making of bail bonds by bondsmen within the county." *See* Acts 1973, 63d Leg., ch. 550, at 1521 (former provisions of section 5(b) of article 2372p-3, V.T.C.S.).

However, in *Texas Fire and Casualty Company*, the court considered a board rule, providing, as had the rule in *Deckard*, that an applicant must deposit in satisfaction of the security deposit requirement a letter of credit in an amount greater than the statutory minimum. Since *Deckard*, article 2372p-3 has been substantially amended. Acts 1981, 67th Leg., ch. 312 at 875. Section 5, subsection (f)(1) read at the time of *Texas Fire and Casualty Company*, as it does now, that the board had power "to prescribe and post any rules necessary to implement this Act." Nevertheless, *Texas Fire and Casualty Company* reached the same result as *Deckard*. The court stated that under the security deposit provisions, with the exception of the minimum amount set by the statute, "the *applicant* is to determine the amount of the deposit. The local rule takes this responsibility from the applicant and assumes it itself. . . . [and] thus impermissibly impose[s] additional and conflicting burdens on bail bond applicants." 684 S.W.2d at 179 (emphasis in original).[1]

---

[1]*Compare Austin v. Harris County Bail Bond Board*, 756 S.W.2d 65 (Tex. App.--Houston [1st Dist.] 1988, writ denied) (upholding a board's denial of an application based on applicant's violation of the act when previously licensed). Citing *Deckard*, the court stated that "the Board's ability to review an applicant's past record as a licensed bail bondsman does not impose an additional qualification, burden, condition, or restriction in excess of or inconsistent with the statutory provisions." 756 S.W.2d at 67.

Under the reasoning of *Texas Fire and Casualty Company*, the board would in our opinion -- by providing that only cashier's checks, certificates of deposit, cash or cash equivalents were acceptable in satisfaction of the security deposit requirement, and not deeds to property -- impermissibly usurp a determination which the statute leaves to the applicant.   Section 6 in subsection (f)(1), (2) provides that the applicant may either deposit a cashier's check, certificate of deposit, cash or cash equivalent, *or* execute deeds in trust to the board.

Attorney general opinions on the board's authority are consistent with this conclusion.   Attorney General Opinion JM-875 construed the provisions of section 6(f) to require an applicant to either deposit cash, etc., in the minimum amount *or* execute deeds to property of such value, and concluded that the board had no authority to depart from that requirement and accept as the security deposit a combination of cash and deeds to property in order to make up the minimum requisite amount.   Attorney General Opinion JM-1057 found the board without authority to license a person to act as bondsman in another county or to control collection of a bond in another county.[2]

Again, section 5(f)(2) directs the board to "issue licenses to those applicants who qualify under the terms of this Act."   In our opinion, the board does not have the power to refuse acceptance, in satisfaction of the security deposit requirement, of deeds to property executed in trust to the board in accordance with the provisions of section 6(f)(2).

You also ask whether, if the board must accept deeds to property executed in trust to the board for purposes of the security deposit requirement, it may nevertheless require "that a certain percentage of the allowable security be in the form of cashier's checks, certificates of deposit, or other cash equivalents."   As discussed with reference to your first question, the board has no power to change the requirements of the act regarding the licensure of applicants.   Section 6(f)(2) on its face permits an applicant to satisfy the security deposit requirement by executing deeds in trust to the board.   Where the applicant executes such deeds to property

---

[2]We note that Attorney General Opinion JM-1012 (1989) which found that the statute gave the board no authority to prohibit a bondsman's employment of persons convicted of certain crimes, was overruled by *Dallas County Bail Bond Bd. v. Stein*, 771 S.W.2d 577 (Tex. App.-- Dallas 1989, writ denied).   That court found that opinion's reliance on *Deckard* and *Texas Fire and Casualty Company* "misplaced. . . . Since the Bail Bond Act expressly sets forth the requirements for a license, these courts correctly reasoned that the local boards lacked the authority to impose different or additional requirements. . . . [H]owever, the Bail Bond Act does not expressly set forth eligibility requirements for employees of licensees.   Thus, such analysis is inapplicable to the present case." 771 S.W.2d at 580.

valued in sufficient amounts, the board does not have the power to require that the applicant additionally deposit a cashier's check, certificate of deposit, cash or cash equivalent. (Also, as noted above, Attorney General Opinion JM-875, specifically concluded that the act did not contemplate the board's accepting a combination of cash, etc., *and* deeds to property to make up the requisite amount of security deposit.)

## S U M M A R Y

A county bail bond board is without authority to provide that an applicant for a bail bondsman license must make the security deposit required by section 6(f) of article 2372p-3, V.T.C.S., in the form of a cashier's check, certificate of deposit, cash or cash equivalent, and that he may not satisfy the requirement by executing deeds to property in trust to the board in accordance with the provisions of section 6(f)(2)

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General