Carol BURNS, Appellant,

v.

**HARRIS COUNTY BAIL BOND
BOARD, Appellee.**

No. 14–96–00991–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 21, 1998.

Rehearing Overruled June 26, 1998.

Carolyn Findley Price, Arlington, for appellant.

Frank E. Sanders, Houston, for appellee.

Before YATES, EDELMAN and DRAUGHN, JJ.[1]

## OPINION

DRAUGHN, Justice (Assigned).

Carol Burns appeals the district court's grant of summary judgment in favor of appellee, Harris County Bail Bond Board. The Board had denied Burns' application for a bail bond license and Burns appealed this denial to the district court. Burns raises four points of error challenging the grant of summary judgment in favor of the Board and the denial of Burn's motion for summary judgment. We affirm.

Burns was originally granted a bail bond license in 1987. This license was renewed in 1989 and 1991. Renewal was refused in 1993 because the Board determined Burns had an unpaid final judgment on a bond forfeiture more than thirty days old, a statutory ground for rejection of renewal. Although the district court overturned the Board's denial of renewal, a panel of this court reversed and rendered judgment in favor of the Board, based on our construction of the statute. *See Harris County Bail Bond Board v. Burns*, 881 S.W.2d 61, 63–64 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

Unable to renew her license, Burns submitted an application for a new license. The Board denied her application. Burns appealed the Board's decision to the district court

1. Justice Draughn sitting by assignment.

as provided by statute. After entry of summary judgment in favor of the Board, Burns brought this appeal.

In points of error one and two, Burns challenges the grant of summary judgment in favor of the Board. Burns contends the Board's arguments, that Burns had violated the bail bond statute and that her application was defective, are not supported by the law or the evidence.

When, as here, both parties move for summary judgment, each party is required to carry its own burden as the movant and, in response to the other party's motion, as the nonmovant. *James v. Hitchcock Indep. School Dist.*, 742 S.W.2d 701, 703 (Tex. App.—Houston [1st Dist.] 1987, writ denied). The movant's burden of proof is to establish there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt.* Co., 690 S.W.2d 546, 548 (Tex.1985). In reviewing whether there is a disputed fact issue precluding summary judgment, we take as true all evidence favorable to the nonmovant, indulging reasonable inferences and resolving any doubts in favor of the nonmovant. *Id.* at 548–49. Since both parties moved for summary judgment, we must review the summary judgment proof presented by both sides and determine all questions presented. *See Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex.1997). After such review and determination, we then render the judgment the trial court should have rendered. *See id.*

In its motion for summary judgment, the Board argued that Burns' application did not comply with TEX.REV.CIV. STAT. ANN. Art. 2372p–3 in the following ways: (1) in violation of section 9(b)(1)–(2), Burns did not list any judgments nisi on bail bonds she had written as an agent for International Fidelity Insurance Company; (2) in violation of section 6(g), Burns exceeded the 10 to 1 ratio of bonds to security limit; (3) in violation of sections 6(a)(6) and 9(b)(2), Burns did not submit a complete financial statement; (4) in violation of section 9(b)(2), Burns listed two final bond forfeiture judgments as judgments nisi in her application; (5) in violation of section 9(b)(6), Burns did not pay these two

judgments until more than 30 days after judgment was signed; (6) in violation of section 15(h), Burns wrote a bond receiving a deed of trust as security without issuing a receipt for this deed of trust; and (7) in violation of section 4(b), Burns did not submit information pertaining to each bond on which she appears as surety. The Board further argued that section 8, regarding renewal of licenses, supported denial of Burns' application.

In her competing motion for summary judgment, Burns argued she met the requirements of the statute for application for a new license. Burns stipulated that her application did not contain the information complained about in items (1), (3)–(4), and (7) listed above, but she argued the statute does not require this information. Indeed, except as to a complete sworn financial statement required by section 6(a)(6), sections 3 and 6 of the statute, which concern requirements for application for a new license, do not require the information Burns stipulates she omitted. *See* TEX.REV.CIV. STAT. ANN. Art. 2372p–3, §§ 3, 6 (Vernon Supp.1998). If Burns were applying for a license for the first time, we would agree with her that almost all of her omissions were no basis for denial of a license, but this is not the case. Burns was previously licensed and her license was not renewed based on statutory violations. Unable to renew her license, Burns applied for a new license. Despite Burns' protestations that she is only bound by the statutory section regarding new applications, we must consider all of the facts in construing the statutory scheme regarding bail bond licenses.

In construing the statute, we find instructive the case of *Austin v. Harris County Bail Bond Board*, 756 S.W.2d 65 (Tex.App.—Houston [1st Dist.] 1988, writ denied). In *Austin*, the appellant's license had been revoked and he sought to renew it after curing the violation for which his license had been revoked. *Id.* at 66. The Board advised him he had to apply for a new license. *Id.* After a hearing, the Board denied the application for a license based on past statutory violations. *Id.* The appellant admitted the violations were valid reasons to revoke an existing

license, but argued they were not valid reasons to deny a current application. *Id.* The appellate court upheld the denial, finding that the Board was entitled to consider his prior background as a bail bondsman. *Id.* at 66–67.

Burns argues that *Austin* is distinguishable because the district court in *Austin* did not hold a trial de novo as required by statute. After reviewing the *Austin* opinion, we find nothing to support Burns' conclusion there was no de novo review.[2] Furthermore, no one complained of a lack of de novo review. Accordingly, we find no merit to Burns' argument that *Austin* is inapplicable to the facts of our case on this basis.

Burns next argues that, if we follow the reasoning in *Austin*, it will result in violations of due process and the separation of powers provision of the Texas Constitution. Burns contends that the statute does not allow the Board to review her background as a prior licensee in determining whether to approve her application for a new license. For us to uphold the Board's consideration of her background would thus constitute judicial legislating. Furthermore, Burns contends such an approach gives the judiciary unbridled discretion which violates due process.

In support of these arguments, Burns cites *Key Western Life Ins. Co. v. State Board of Insurance*, 163 Tex. 11, 350 S.W.2d 839 (1961) and *Railroad Commission v. Shell Oil Co.*, 139 Tex. 66, 161 S.W.2d 1022 (1942). In *Key Western*, the court asserted that an administrative agency board can exercise no more discretion than the terms of the statute clearly provide. 350 S.W.2d at 848. *Shell Oil* states:

> It is a well-established principle of constitutional law that any statute or ordinance regulating the conduct of a lawful business or industry and authorizing the granting or withholding of licenses or permits as the

designated officials arbitrarily choose, without setting forth any guide or standard to govern such officials in distinguishing between individuals entitled to such permits or licenses and those not so entitled, is unconstitutional and void.

161 S.W.2d at 1025.

Here, as in *Austin*, the party seeking a new license attempts, through a disingenuous technical interpretation, to exploit a somewhat poorly constructed statute. Burns asks us to focus on one isolated part of the statute while ignoring the remainder and its clearly expressed purpose.[3] By this myopic approach, Burns seeks to escape the effect of her past statutory violations by preventing the Board from considering her known background as a prior licensee. Burns argues that if we do not so restrict the Board's consideration, we are, in effect, giving the Board unbridled discretion. To the contrary, if we permit the Board to consider an applicant's prior performance, we are simply insuring that those who receive a bail bond license are qualified and capable of performing within the statutory guidelines.

To hold otherwise would produce illogical and unreasonable results. If we held, as Burns suggests, that none of the legal reasons for suspension or revocation of a license apply where a prior licensee seeks a new license, the Board would be unable to review Burns' past history as a licensee. It would be illogical for the Board to be able to deny renewal of a license to a person for violations of section 9, but be unable to prevent the issuance of a new license to the same person under the same circumstances.

A panel of this court found Burns' argument in her first appeal similarly unreasonable. In that case, the Board appealed the trial court's judgment requiring renewal of Burns' license. 881 S.W.2d at 61–62. The

---

**2.** In its introductory sentence, the *Austin* court states that the appellant is appealing from "the trial court's judgment upholding the appellee's, Harris County Bail Bond Board's ('the Board'), decision to deny his application for a bail bondsman's license." 756 S.W.2d at 66. Although this language tends to indicate the district court upheld the Board's decision, rather than holding a trial de novo, we are unable to make this

determination with any certainty absent more facts.

**3.** The statute provides that the business of executing bail bonds affects the public interest and that it is the policy of the state to provide reasonable regulation to preserve and implement the right of an accused to bail. Tex.Rev.Civ. Stat. Ann. art. 2372p–3, § 1 (Vernon Supp.1998)

Board claimed renewal was precluded because Burns had an unsuperseded final judgment more than thirty days old. *Id.* at 62. Burns argued that section 9 concerns suspension and revocation of a license and, therefore, it did not apply to renewal of a license. *Id.* at 64–65. A panel of this court disagreed and found that, although the statute may be poorly drafted, it makes sense to apply section 9 to renewals. *Id.* The panel found it unreasonable to conclude the Board could suspend or revoke a license for a violation of section 9, but could not deny renewal for such a violation. *Id.*

■ Section 9 concerns refusal, suspension, and revocation of licenses. TEX.REV. CIV. STAT. ANN. Art. 2372p–3, § 9 (Vernon Supp.1998). Subsection (a) prohibits the issuance of a license to any person who has not complied with the statutory requirements for application for an original or renewal license. *Id.* at § 9(a). Section 9(b)(2) is one of the more poorly drafted sections and it states the Board may revoke or suspend a license for:

> (2) fraudulently obtaining a license under the provisions of this Act, *making a false statement or misrepresentation in an application for an original or renewal license* . . . .

*Id.* at § 9(b)(2). We believe this section of the statute should be interpreted to mean that the Board may deny an application for a new license where the applicant makes false statements or misrepresentations. This section of the statute also allows the Board to revoke or suspend a license where the licensee has failed to pay within thirty days any final judgment rendered on any forfeited bond. *Id.* at § 9(b)(6).

The language of section 6(d) further allows the Board to investigate and to approve tentatively an application if the Board is satisfied no grounds exist on which to refuse the application. TEX.REV.CIV. STAT. ANN. Art. 2372p–3, § 6(d), (e) (Vernon Supp.1998). Section 6 concerns the requirements for application and issuance of a new license, but subsection (d) provides that, prior to a hearing on the application, the Board may conduct necessary inquiries both to determine whether the applicant possesses financial responsibility and whether the applicant meets other requirements of the statute. *Id.*

■ Where an applicant has previously held a license, we hold that the Board may investigate the applicant's past history as a licensee in determining whether the applicant is entitled to a new license. In turn, the trial court, in its de novo review, may likewise review Burns' license history in determining whether to grant summary judgment in favor of the Board. The record indicates a number of problems and statutory violations prompting the Board to deny renewal of Burns' license. These problems could not be ignored merely because Burns attempted to escape her past history of statutory violations by applying for a new license.

■ Burns admits she did not list any judgments nisi on which she signed as the agent of International Fidelity Insurance Company (IFIC). The application requested that she list all bail bond nisi judgments pending against applicant or any company in which applicant has any present financial interest. Burns argues that the language "financial interest" refers to an ownership interest. Because she has no ownership interest in IFIC, Burns contends she has no financial interest in IFIC. Burns therefore claims she did not have to mention any bond judgments she signed as agent for IFIC. Burns adds that if the application had asked for information on judgments nisi for any company in which she had "any present or contingent financial interest in or obligation to," she would have been required to list IFIC's judgments nisi.

If the Board meant an applicant to include judgments against companies to which the applicant had obligations or companies for which applicants had been agents, the Board should have expressly stated this in the application. Instead, the Board only requested judgments against companies in which the applicant has a "financial interest." The Board argues that this language is broad enough to include the judgments on which Burns was an agent for International Fidelity Insurance Company (IFIC). In support of this, the Board cites the Black's Law Dictionary definition: "An interest equated with money or its equivalent." BLACK'S LAW

DICTIONARY 631 (6th ed.1990). Although this definition explains "financial," it does not define "interest." Black's Law Dictionary defines "interest" similarly to Webster's Dictionary in that it defines it to denote a "right, claim, title, or legal share in something" or a "right to have the advantage accruing from anything." BLACK'S LAW DICTIONARY 812 (6th ed.1990). *See also* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 630 (1991)(defines "interest" as "right, title, or legal share in something" or "participation in advantage and responsibility"). Thus, we are unable to agree with the Board's interpretation of this part of the application. Instead, we believe this section of the application asked for judgments against companies in which Burns had a financial interest, as that term is defined in Black's Law Dictionary and Webster's Dictionary.

We find no proof that Burns' status as an agent for IFIC confers a financial interest in IFIC. *See Burns v. Harris County Bail Bond Board,* 139 F.3d 513, 515–16 (5th Cir.1998)(observing that where a license was issued to IFIC with Burns as IFIC's agent, only IFIC's assets, and not Burns' assets, were subject to liability for bond forfeiture). The Board, as movant, was required to show that Burns had a financial interest in IFIC. Absent proof of such an interest, we find no basis for holding that Burns was required to list judgments nisi against IFIC. The failure to list judgments against IFIC could not serve as a basis for rejecting Burns' application.

■ Burns also admits she did not submit information pertaining to each bond on which she appears as surety. Burns concedes this information is required under section 4(b) when seeking license renewal. Having held, under the circumstances of this case, that the Board could require this information when reviewing Burns' application for a new license, we find that the omission of this information was a basis for rejection of the application.

■ Burns concedes she omitted listing a pending lawsuit against her. The application asked the applicant to list any civil litigation pending against the applicant in Texas relating to bail bonding activities. The Board stipulated that the particular lawsuit against Burns does not relate to bail bond activities. Accordingly, the omission of this lawsuit could not form a basis for denial of Burns' application.

Burns admits she listed two final judgments as judgments nisi. At the time Burns filed her original application, the judgments had not been signed and were not final. When Burns filed her amended application, the judgments had been signed, but Burns argues they were not final because she had not received notice of the judgments. Burns cites TEX.R. CIV. P. 306a(4) as support for her argument. Burns misconstrues Rule 306a.

■ Rule 306a concerns when a trial court's plenary power begins. Under this rule, the date a judgment is signed determines the beginning of the periods for the court's plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment, and for the parties to file any motions allowed by the rules. TEX.R. CIV. P. 306a(1). Subsection 4 sets out the procedure for extending this plenary power when a party received no notice of the signing of the judgment. Rule 306a does not determine what constitutes rendition of judgment for any purpose other than determining when a court's plenary power begins. TEX.R. CIV. P. 306a(1). Thus, if Burns had been seeking to extend the trial court's plenary power so that she could file a post-judgment motion, her argument under Rule 306a would be convincing. However, she is seeking to apply this rule in a different context, and one for which Rule 306a is inapplicable. Accordingly, the judgments in Burns' cases became final when they were signed. Burns should have checked the status of her judgments and listed in her application the two judgments which had become final.

■ The Board argued in its motion for summary judgment that Burns had exceeded the 10 to 1 ratio of bonds to security limit and that this was a basis for rejecting her application. Section 6(g) of the act forbids a bondsman from executing bail bonds that in the aggregate exceed ten times the value of the property held as security on deposit or in trust as required by statute. TEX.REV.CIV.

STAT. ANN. Art. 2372p–3, § 6(g) (Vernon Supp.1998). Burns stipulated to numerous occasions when she exceeded the 10 to 1 ratio. Accordingly, we find this was a proper basis for rejecting Burns' application.

Finally, the Board argued that Burns should have included outstanding bond forfeiture judgments against her husband, other outstanding judgments against her husband, a lawsuit for back taxes on real property, and two vehicles for which title appears in the name of Burns' husband. The Board claims that these liabilities, whether incurred by Burns or her husband, have an effect on her net worth and the net worth of her share of the community property, and therefore, should have been listed on her application as part of her sworn financial statement. Other than the allegations of these liabilities and Burns argument that these are not her debts, we have insufficient information to determine whether these liabilities are the type of debts Burns should have included in her sworn financial statement. Because we have found sufficient grounds for the Board's rejection of Burns' application for a license, we need not address the omission of these debts from Burns' application.

Having found sufficient grounds for the Board to deny the application, we conclude the trial court properly granted summary judgment upholding the denial of a license. We overrule points of error one and two. Having held that the trial court properly construed the statute to allow the Board to consider information other than that required in TEX.REV.CIV. STAT. ANN. Art. 2372–p, §§ 3 and 6 (regarding application for new licenses), we also uphold the trial court's denial of Burns' motion for summary judgment. Accordingly, we overrule points of error three and four.

We affirm the judgment of the trial court.