ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 2, 2007

The Honorable John R. Roach
Collin County Criminal District Attorney
Collin County Courthouse
210 South McDonald, Suite 324
McKinney, Texas 75069

Opinion No. GA-0575

Re: Whether a bail bond board may implement a rule allowing a temporary extension of the license expiration dates set forth in section 1704.162 of the Occupations Code (RQ-0585-GA)

Dear Mr. Roach:

You ask whether a bail bond board may implement a rule allowing a temporary extension of the license expiration dates set forth in Occupations Code section 1704.162.[1]

In counties subject to chapter 1704 of the Occupations Code, such as Collin County, "each phase of the bonding business in the county" is supervised and regulated by a bail bond board. TEX. OCC. CODE ANN. § 1704.101(3) (Vernon 2004); see also id. §§ 1704.002, .051.[2] A person other than an attorney may not act as a bail bond surety in such a county unless the person is licensed by the county's board. See id. §§ 1704.151, .163 (Vernon 2004 & Supp. 2006). Under section 1704.162, original and renewal licenses expire on the second anniversary of the issuance date, except that persons meeting certain qualifications may renew a license for thirty-six months from the prior expiration date. See id. § 1704.162(a), (e) (Vernon 2004).

Applications to renew a license must be submitted no later than the thirty-first day before the existing license expires, and bail bond boards must meet at least once a month. See id. §§ 1704.055(b), .162(b). You explain the board's desire to be able to accommodate the bail bond surety who submits a renewal application that inadvertently omits statutorily-required information, but whose license will expire before the next board meeting. See Request Letter, supra note 1, at 2–3. You inform us that the Collin County Bail Bond Board has promulgated a local rule, that if

---

[1]See Letter from Honorable John R. Roach, Collin County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Apr. 16, 2007) (on file with the Opinion Committee, also available at http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Chapter 1704 of the Occupations Code applies to counties of 110,000 or more and smaller counties in which a board is created. See TEX. OCC. CODE ANN. § 1704.002 (Vernon 2004). The population of Collin County at the last census was 491,675. See U.S. CENSUS BUREAU, 2000 CENSUS OF POPULATION, STATE & COUNTY QUICKFACTS, available at http://quickfacts.census.gov/qfd/states/48/48085.html (last visited Sept. 27, 2007).

"the Board fails for any reason to act upon a renewal application prior to [a license's] expiration date, a temporary permit may be issued pending final action." *Id.* at 2. You ask whether a bail bond board may implement a rule that would allow a temporary extension of the expiration dates set forth in section 1704.162. *See id.* Your request raises the possibility of three different types of rules: rules authorizing the board (1) to issue a "permit," other than a chapter 1704 license, that allows a renewal applicant to act as a bail bond surety after the applicant's license has expired; (2) to issue a "temporary" chapter 1704 license; or (3) to temporarily extend the expiration date of a license that is about to expire.

An administrative agency such as a bail bond board has only the rule-making authority that the Legislature has expressly or impliedly conferred upon it. *See R.R. Comm'n of Tex. v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992). Thus, such an agency may adopt a rule only if it is authorized by and consistent with the agency's statutory authority. *See Tex. Fire & Cas. Co. v. Harris County Bail Bond Bd.*, 684 S.W.2d 177, 178 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *see also R.R. Comm'n of Tex.*, 844 S.W.2d at 685. A bail bond board may not adopt a rule that "conflicts with or exceeds the statutory authority" of chapter 1704. *Tex. Fire & Casualty Co.*, 684 S.W.2d at 178–79; *accord Walstad v. Dallas County Bail Bond Bd.*, 996 S.W.2d 314, 317 (Tex. App.—Dallas 1999, no pet.); *Austin v. Harris County Bail Bond Bd.*, 756 S.W.2d 65, 67 (Tex. App.—Houston [1st Dist.] 1988, writ denied); *Bexar County Bail Bond Bd. v. Deckard*, 604 S.W.2d 214, 216 (Tex. Civ. App.—San Antonio 1980, no writ).

We first consider a bail bond board's legislative authority to promulgate rules. A bail bond board has broad rule-making powers under section 1701.101, which authorizes a board to: "exercise powers incidental or necessary to the administration of this chapter;" "supervise and regulate each phase of the bonding business in the county;" and "adopt and post rules necessary to implement this chapter." TEX. OCC. CODE ANN. § 1704.101(1), (3)–(4) (Vernon 2004). Also, a "county bail bond board is responsible for all aspects of the licensing of bondsmen in that county, including granting, denying, or renewing licenses." *Harris County Bail Bond Bd. v. Blackwood*, 41 S.W.3d 123, 124 (Tex. 2001); *see also* TEX. OCC. CODE ANN. §§ 1704.101(6) (issuing licenses), (7) (denying licenses), 1704.162 (issuing or denying renewals) (Vernon 2004). Thus, a bail bond board has general authority to promulgate local rules pertaining to licensing. *See* TEX. OCC. CODE ANN. § 1704.101(1), (3)–(4), (6)–(7) (Vernon 2004). Next, we consider whether the specific types of rules you propose would conflict with, or be consistent with, chapter 1704's licensing provisions.

Chapter 1704 does not authorize a bail bond board to allow a person to act as a bail bond surety by issuing a "permit" other than a chapter 1704 license. Under section 1704.151, a person other than an attorney "may not act as a bail bond surety . . . in the county unless the person holds a *license issued under this chapter.*" *Id.* § 1704.151 (emphasis added). And a person whose license has expired does not hold a license under chapter 1704. *See Smith v. Travis County Bail Bond Bd.*, 559 S.W.2d 693, 694 (Tex. Civ. App.—Austin 1977, no writ) (concerning pre-code bail bond statutes). Thus, a rule whereby a bail bond board may issue a "permit" to a person to act as a surety without a current chapter 1704 license conflicts with section 1704.151.

Rules purporting to allow temporary chapter 1704 licenses or temporary extensions of prior licenses would also conflict with chapter 1704. Under section 1704.162, licenses expire either

after two years or thirty-six months depending on the circumstances. TEX. OCC. CODE ANN. § 1704.162(a), (e)–(f) (Vernon 2004). And a license's expiration date must appear on the face of the license. *Id.* § 1704.161(a). These statutes prohibit a board from granting either a temporary license or a temporary extension of a license's expiration date.

Finally, you note that under section 1704.159, a bail bond board issues an order conditionally approving an application, which becomes final once the applicant complies with security requirements. *See id.* § 1704.159(a); Request Letter, *supra* note 1, at 2–3. You suggest that a rule allowing a bail bond surety to engage in the bonding business while the surety cures deficiencies in the surety's renewal application would be consistent with section 1704.159. Request Letter, *supra* note 1, at 2–3. Under section 1704.159, however, a bail bond board may not conditionally approve a legally deficient application. To the contrary, section 1704.159 requires a board to deny an application "[i]f . . . a ground exists to deny the application." TEX. OCC. CODE ANN. § 1704.159 (Vernon 2004). Failing to provide required information in an application is grounds for denial. *See Burns v. Harris County Bail Bond Bd.*, 971 S.W.2d 102, 105–06 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Thus, even by analogy, section 1704.159 is not support for a rule purporting to authorize a surety with a deficient renewal application to continue in the bonding business after the current license expires.

Moreover, section 1704.162, which specifically applies to license renewals, requires the license holder to submit a renewal application that complies with the requirements for an original license under section 1704.154. TEX. OCC. CODE ANN. § 1704.162(b)–(c) (Vernon 2004). A bail bond board does not have authority to renew a license when the renewal application omits information and items required by section 1704.154. *See id.* §§ 1704.101(7), .154, .162(b)–(c); *see also Blackwood*, 41 S.W.3d at 126–27 (stating that the statute's requirements are mandatory and a court may not grant renewal when the application is incomplete). Because bail bond board rules must not conflict with chapter 1704 of the Occupations Code, a board may not promulgate or implement a rule allowing the board to issue temporary bail bond surety licenses or permits, or to extend the expiration date of a prior license.

## S U M M A R Y

Under chapter 1704 of the Occupations Code, a bail bond board does not have the authority to promulgate or implement a rule allowing the board to issue a temporary bail bond surety license or permit, or to extend a prior license's expiration date.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee